Gary Wayne NICHOLS, Relator,

v.

The Honorable William C. MARTIN, III, Judge, 307th Family District Court, Gregg County, Texas, Respondent.

No. 12–89–00150–CV.

Court of Appeals of Texas, Tyler.

July 7, 1989.

Gary Wayne Nichols, Huntsville, pro se.

Rob Foster, Longview, for respondent.

PER CURIAM.

Relator, a pro se indigent inmate of the Texas Department of Corrections (hereinafter "TDC"), filed this original mandamus proceeding seeking to compel Respondent, Judge Martin, to allow Relator to proceed in a divorce matter which Relator filed in the 307th Family District Court. Specifically, Relator seeks to have vacated an order refusing to allow him to proceed pro se, by next friend, or to appoint counsel to represent him. We granted the motion for leave to file the petition for writ of mandamus and the cause is now submitted.

Relator's wife, the real party in interest, filed no response to the petition. Judge Martin filed a response wherein he states that "I do not necessarily resist [Relator's] petitions." Judge Martin, however, expressed concerns about procedural aspects of allowing a TDC inmate to proceed pro se.

The order at issue here came about as a result of Judge Martin informing Relator by letter that Relator "must have an attorney representing [him], as this Court [the 307th Family District Court] does not allow actions involving children without benefit of counsel" (Relator's Exhibit No. 2). At Judge Martin's suggestion, Relator sought assistance from the Staff Counsel for Inmates of TDC. That office turned down Relator's request for representation and directed him to East Texas Legal Services (Relator's Exhibit No. 3). East Texas Legal Services, Inc. rejected Relator's request for representation asserting a conflict of interest (Relator's Exhibit No. 4).

After unsuccessfully trying to obtain counsel, Relator filed with the trial court a response showing his attempts, and a motion to be "recognized as counsel in propria personna." By that motion, Relator asked the court to appoint counsel or, in the alternative, to (1) allow him to represent himself, or (2) allow him to be represented by his next friend, another TDC inmate. The trial court denied each alternative requested.

Mandamus is an extraordinary remedy and the writ will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when no other adequate remedy at law exists. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986). A relator is entitled to the writ when he has shown that under the circumstances of the case, the

facts and the law permitted the trial court to make but one decision and the trial court refused to make that decision. *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

■ In civil cases, a litigant has the right to represent himself. *Ex parte Shaffer,* 649 S.W.2d 300, 302 (Tex.1983); Tex.R. Civ.P. 7. Ordering a party to be represented by counsel abridges that right. *Shaffer,* 649 S.W.2d at 302. It follows that denying a litigant's request to represent himself also abridges that right.

Although we recognize and sympathize with Judge Martin's general concerns about self-representation in cases involving custody and support of children, we are aware of no exception therefor to a litigant's right to represent himself. The facts of this case point out the necessity for the right. The indigent litigant sought to obtain counsel without success, and thus, has no alternative but to represent himself. The trial court simply had no alternative but to grant Relator's request to represent himself in the underlying cause.

■ Judge Martin also voiced concerns arising out of this Relator's status as a TDC inmate; specifically that in order for one so situated to appear on his own behalf, would require a bench warrant and attendant expenditure of public funds. Clearly all litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner. *Boddie v. Connecticut,* 401 U.S. 371, 377–378, 91 S.Ct. 780, 785–86, 28 L.Ed.2d 113 (1971). The right to be heard includes the opportunity to introduce evidence, to cross-examine witnesses, to be heard on questions of law and to have judgment rendered only after trial. *Jordan v. Jordan,* 653 S.W.2d 356, 358 (Tex.App.—San Antonio 1983, no writ).

■ A litigant cannot be denied access to the courts simply because he is an inmate. *See Hudson v. Palmer,* 468 U.S. 517, 523,

104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984); *Roberson v. Hewes,* 701 F.2d 418, 420 (5th Cir.1983). However, the right of access to the courts does not unconditionally give an inmate the right to appear personally. At the appropriate time, i.e., when a hearing before the court or trial has been set, the trial court must make certain inquiries into such matters as the necessity of a personal appearance to presentation of the case and security risks to decide whether to bench warrant the inmate/litigant before the court. *See Roberson,* 701 F.2d at 420; *Bonner v. City of Prichard,* 661 F.2d 1206, 1212–1213 (11th Cir.1981); *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir.1977). Particularly relevant to such a determination would be whether denial of an appearance would foreclose a litigant's right to be heard at all.

■ We do not agree with the Dallas Court of Appeals in *Brewer v. Taylor,* 737 S.W.2d 421 (Tex.App.—Dallas 1987, no writ), wherein they state that "[a] prison inmate's right to access to the courts does not entail the right to appear personally." *Id.* at 423. Although we agree that an inmate who takes on the role of pro se litigant must proceed diligently, it is inconceivable how one so situated could enjoy his fundamental due process rights under *Boddie* without being allowed to present his case. Absent substantial countervailing state justification, refusal to permit a pro se inmate to present his case would deny him due process.

The writ of mandamus is conditionally granted. However, we have Respondent's personal assurances that he will act without issuance of the writ. Therefore, the writ will not issue unless within fifteen days Respondent fails to rescind his order denying Relator's request to represent himself and enters an order permitting the same.