Alfred David PRUSKE, Sr., Appellant,

v.

Susan DEMPSEY, Appellee.

No. 04–91–00205–CV.

Court of Appeals of Texas, San Antonio.

Nov. 27, 1991.

Rehearing Denied Jan. 9, 1992.

Alfred D. Pruske, Sr., pro se.

E. Nicholas Milam, Guevara & Milam, P.C., San Antonio, for appellee.

Before PEEPLES, BIERY and CARR, JJ.

BIERY, Justice.

Susan Dempsey sued Alfred Pruske, Sr., appellant, for monetary damages arising out of Pruske's alleged physical beating and mental harassment of Dempsey. Pruske was served with citation in the Texas Department of Corrections Institutional Division and filed a pro se answer on October 19, 1990. On October 29, 1990, Dempsey's attorney, E. Nicholas Milam, obtained a non-jury trial setting for December 17, 1990, and certified that the notice of trial setting was sent to Pruske by certified mail return receipt requested. Pruske responded by writing to Mr. Milam, acknowledging receipt of the notice of the December 1990 setting, and pointing out that he had asked the court to appoint an "attorney ad litem" for him and to issue a bench warrant.

On December 17, 1990, a post-answer default judgment was entered against Pruske in the amount of $150,000.00, and his purported third-party claims against numerous individuals were found to have no evidence supporting them. A take nothing judgment was entered as to the purported third-party claims.[1]

Pruske filed a motion to set aside the judgment, and a hearing was set for January 22, 1990, at which time the motion for

new trial was overruled by a written order. Apparently, a second motion for new trial was filed which was subsequently overruled by written order on March 1, 1991.

Although Mr. Pruske made a request for a statement of facts,[2] no statement of facts from the hearings below was presented to this Court. Mr. Pruske appeals presenting four points of error claiming the court erred in: (1) depriving Mr. Pruske of effective, meaningful, or adequate access to the courts; (2) failing to apply the liberal standard requirement of Rule 45 of the Texas Rules of Civil Procedure with reference to Mr. Pruske's pleadings; (3) depriving Mr. Pruske of the right to appear and defend in court; and (4) abusing its discretion in entering the default judgment which was void as a matter of law.

We first address Mr. Pruske's second point, which contends that the trial court failed to apply Rule 45 of the Texas Rules of Civil Procedure requiring all pleadings to be construed so as to do substantial justice. While we agree with appellant's authorities that pleadings are to be construed liberally so as to do substantial justice, we cannot agree with his apparent argument that because the trial judge did not accede to appellant's pleaded requests, Rule 45 was violated. Point of error number two is overruled.

We next address points of error one, three, and four. Taken together, these points of error present two issues: (a) whether an incarcerated indigent individual has a right to appointed counsel in a civil action; and (b) whether an incarcerated individual representing himself has the right to be physically present in court to confront witnesses and to present defenses in a civil damage lawsuit.

█ Mr. Pruske cites us to no authority, and we have found none supporting the proposition that he is entitled to appointed counsel in a civil case. Accordingly, to the extent that points of error one, three, and

---

1. We suspect that the busy trial judge was not informed of appellant's incarceration at the docket call when the default judgment was orally pronounced.

2. Mr. Pruske filed a Pauper's Affidavit and later filed a motion with the court for a hearing on any contest to his request for a free statement of facts.

four relate to his entitlement to appointed counsel contention, they are overruled.

■ More troubling to us is Mr. Pruske's predicament of being unable to hire a lawyer to defend him and the further inability to appear in person and defend himself. We recognize the practical problems presented to the civil trial courts in bringing incarcerated individuals before the bench. We have found three recent Texas cases which shed some light on the issue; however, all three cases involve situations where the incarcerated individual was a plaintiff seeking affirmative relief. *Nichols v. Martin*, 776 S.W.2d 621 (Tex.App.— Tyler 1989, no writ); *Birdo v. Holbrook*, 775 S.W.2d 411 (Tex.App.—Fort Worth 1989, writ denied); and *Brewer v. Taylor*, 737 S.W.2d 421 (Tex.App.—Dallas 1987, no writ). In the case before us, Mr. Pruske did not initiate the cause of action but merely seeks the right to defend against Ms. Dempsey's claims for a monetary judgment.[3] The record is clear that Pruske made it known to the trial court through his pleadings filed well before the non-jury setting that he ardently denied Dempsey's claims, wanted a court-appointed attorney or, in the alternative, wanted to appear to cross-examine witnesses, present testimony, and otherwise defend himself.

■ While we are not prepared to hold that Mr. Pruske has an absolute right to appear in person, we do hold that the trial court should, in these situations, directly address the issue by weighing the protection of the integrity of the correctional system against the prisoner's right of access to the courts and strike a balance that is fundamentally fair. *Brewer*, 737 S.W.2d at 423–24. Some of the factors the trial court may consider are:

a) the cost and inconvenience of transporting the prisoner between his place of incarceration and the courtroom;

b) the security risk and potential danger to the court and public of allowing the prisoner to attend court;

c) whether the prisoner's claims are substantial;

d) whether a determination of the matter can reasonably be delayed until the prisoner is released;

e) whether the prisoner can and will offer admissible, noncumulative testimony which cannot be offered effectively by deposition, telephone, or otherwise;

f) whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;

g) whether the trial is to the court or to a jury; and

h) the prisoner's probability of success on the merits.[4]

*Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir.1976).

Accordingly, the post-answer default judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

---

3. Mr. Pruske initially filed only an answer but later amended his answer to include an action against third parties.

4. Because Mr. Pruske was unable to obtain a statement of facts, we do not know whether the court considered any of the factors before denying him the right to appear.