TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00716-CV







Alfred D. Pruske, Sr., Appellant



v.



Terry M. Levine, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C97-0142-A, HONORABLE JACK H. ROBISON, JUDGE PRESIDING








 Alfred D. Pruske is a pro se litigant serving a life sentence. The trial court
dismissed Pruske's lawsuit for want of prosecution after he failed to appear at a dismissal docket. 
Because we conclude that the trial court failed to make the appropriate inquiries regarding an
inmate's right of access to the courts, we will reverse the order of dismissal and reinstate the case. 


Factual Background


 Pruske filed his original petition on February 25, 1997, seeking damages against
Terry Levine for Levine's allegedly fraudulent conduct in Pruske's divorce. Pruske requested in
his petition that the court "[i]ssue a Bench Warrant Orders [sic] allowing Plaintiff to appear in
person at all trial hearings . . . ." Pruske also filed a motion requesting appointment of counsel
when he filed his original petition. The record does not contain a ruling on Pruske's request for
appointment of counsel. (1) Pruske attempted to obtain a default judgment on the ground that
Levine's answer was not timely filed, and requested a bench warrant to attend the default hearing. 
The trial court denied both the request for a bench warrant and the request for default judgment. 
Pruske served interrogatories and requests for production on Levine on January 30, 1998, and
filed a motion to compel on March 26, 1998 when Levine failed to respond. Levine responded
with a motion for extension of time to file objections and responses to the discovery claiming he
had not received the discovery requests. The record does not contain an order on either motion (2)
and does not indicate whether Levine responded to the discovery. Pruske also served Levine with
requests for admission on July 1, 1999, which had not been answered at the time the case was
dismissed on August 25, 1999.

 On July 9, 1999, the district clerk mailed a "drop docket" notice informing Pruske 
that his case would be dismissed for want of prosecution on August 25, 1999. The notice further 
instructed Pruske that if he did not want his case to be dismissed for want of prosecution, he must 



file a written MOTION TO RETAIN setting out good cause why this case should
not be dismissed. Your MOTION TO RETAIN will be set for a hearing on the
DROP DOCKET on August 25, 1999, at 11:00 A.M. Your Motion To Retain
must include a Certificate of Service showing notice to all attorneys and/or parties
of record. The Court will rule on your motion at the hearing. Attorneys and/or
parties are required to be present for the hearing. (Emphasis in original.)



 In compliance with the dismissal notice, Pruske filed his pro se, verified motion
to retain on July 21, 1999, which stated he was incarcerated and could not attend the hearing. 
The motion also informed the trial court that discovery was outstanding and that Pruske "had filed
many Motions for Bench Warrant Orders." Levine did not respond to the motion. The trial court
dismissed Pruske's case for want of prosecution on August 25, 1999 without stating any reason
in the order. The docket sheet states the "Judge dismissed [Pruske's case] in open court." Pruske
did not file a motion to reinstate but timely filed his notice of appeal on September 7, 1999. 
Pruske timely filed a request for findings of fact and conclusions of law and requested the court
reporter to prepare a statement of facts from the hearing. No findings of fact and conclusions of
law and no reporter's record are contained in the record. Levine did not file a brief on appeal.


Discussion


 The standard of review for dismissal for want of prosecution is abuse of discretion. 
See Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.--Houston [1st Dist.] 1996, no writ). 
A judge may dismiss a case for want of prosecution "on failure of any party seeking affirmative
relief to appear for any hearing or trial of which the party had notice" or under the court's
inherent powers. Id. at 838 (citing Tex. R. Civ. P. 165a(1) and Veterans' Land Bd. v. Williams,
543 S.W.2d 89, 90 (Tex. 1976)). If the trial court's order dismissing a case states dismissal is
for "want of prosecution" but does not specify a reason for the dismissal, it will be affirmed on
appeal if any proper ground supports the dismissal. Shook v. Gilmore & Tatge Mfg. Co., 951
S.W.2d 294, 296 (Tex. App.--Waco 1997, pet. denied).

 A litigant cannot be denied access to the courts simply because he is incarcerated.
Nichols v. Martin, 776 S.W.2d 621, 623 (Tex. App.--Tyler 1989, no writ). The right of access
to courts, however, does not unconditionally give an inmate the right to personally appear,
especially if the merits can be determined without his presence. Byrd v. Attorney Gen. of Tex.,
877 S.W.2d 566, 569 (Tex. App.--Beaumont 1994, no writ). At the appropriate time, when a
hearing or a trial has been set, the trial court must make certain inquiries into matters such as the
necessity of personal appearance for the presentation of the case and the existence of any security
risks to decide whether to obtain the presence of the inmate. Nichols, 776 S.W.2d at 623. 
Particularly relevant to the trial court's determination is whether denial of an appearance would
foreclose a litigant's right to be heard at all. Id. If the inmate is not allowed to appear personally,
then the inmate should be allowed to proceed by affidavit, deposition, telephone or other effective
means. Byrd, 877 S.W.2d at 569.

 In addition to the present case, Pruske has been involved in other litigation. In a
reported case, plaintiff Dempsey sued Pruske for monetary damages arising out of Pruske's
alleged physical beating and mental harassment of the plaintiff. Pruske v. Dempsey, 821 S.W.2d
687, 688 (Tex. App.--San Antonio 1991, no writ). While incarcerated, Pruske filed a pro se
answer and informed the court that he wanted a court-appointed attorney or, alternatively, that he
wanted to appear to defend himself. Id. at 689. The trial court rendered a post-answer default
judgment against Pruske. Id. at 688. Pruske filed various post-judgment motions, including a
request for a statement of facts; however, no statement of facts was filed in the appellate court. 
Id. 

 According to the court of appeals, with a pro se inmate, the trial court should
address the issue of right to appear by weighing the protection of the integrity of the correctional
system with the prisoner's right of access and strike a fundamentally fair balance. Id. at 689. 
Among the factors the court may consider are:  (1) the cost and inconvenience of transporting the
prisoner, (2) the security risk and potential danger to the court and public, (3) whether the
prisoner's claims are substantial, (4) whether a determination of the matter can reasonably be
delayed until the prisoner is released, (5) whether the prisoner can and will offer admissible,
noncumulative testimony which cannot be offered effectively by deposition, affidavit, telephone
or otherwise, (6) whether the prisoner's presence is important for determining demeanor and
credibility, (7) whether the proceeding is a bench trial or jury trial, and (8) the prisoner's
probability of success. Id. at 689. We agree with that court's analysis. Although the Pruske
court acknowledged that without a statement of facts, it did not know whether the trial court
considered any of the factors before denying Pruske the right to appear, it nevertheless reversed
the default judgment. Id. at 689 n.4.

 In this case, the trial court required Pruske to file a motion to retain and for him
and/or his attorney to attend the dismissal hearing. Pruske, acting pro se, filed a motion to retain. 
He also informed the court both in his original petition and in his motion to retain that he was
incarcerated and could not attend hearings. Through pleadings filed before the notice of
dismissal, Pruske also requested a court-appointed attorney and to appear at all trial hearings
through the issuance of bench warrants. His motion to retain refers to his previous requests for
bench warrants. Nothing in the record indicates that the trial court ruled on Pruske's request to
appear at the dismissal hearing. 

 We conclude that under these facts, the trial court should have inquired into the
necessity of Pruske's personal appearance at the hearing on the motion to retain to determine
whether the merits of the dismissal could be decided without his presence. Nothing in the record
suggests that the trial court considered whether Pruske's presence was required or whether he
should be given the opportunity to proceed by affidavit, deposition, telephone or other effective
means. See Byrd, 877 S.W.2d at 569. By not considering Pruske's need to appear in person or
by some alternative means, particularly in light of the trial court's requirement that he must appear
to maintain his case on the docket, the trial court abused its discretion and foreclosed Pruske's
right to be heard. See Nichols, 776 S.W.2d at 623. Pruske has been denied access to the courts
simply because he is an unrepresented inmate. See Nichols, 776 S.W.2d at 623. 

 While we express no opinion on Pruske's right to be present for the dismissal
hearing or on the merits of his underlying lawsuit, we hold the trial court abused its discretion in
dismissing his lawsuit for want of prosecution. Accordingly, we sustain Pruske's first and second
issues, (3) reverse the order of dismissal, and remand the cause to allow the trial court to determine,
considering the factors listed above, the necessity of Pruske's appearance at the dismissal hearing.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: March 2, 2000

Do Not Publish
1. Although a district judge may appoint counsel for an indigent party in a civil case, see Tex.
Gov't Code Ann. § 24.016 (West 1988), the supreme court has "never held that a civil litigant
must be represented by counsel." Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex.
1996); see also Coleman v. Lynaugh, 934 S.W.2d 837, 839 (Tex. App.--Houston [1st Dist.] 1996,
no writ). 
2. The docket sheet contains an entry indicating a motion to compel was denied on April 30,
1997.
3. Given our disposition of Pruske's first and second issues, we need not address his remaining
issues. 



soner's right of access and strike a fundamentally fair balance. Id. at 689. 
Among the factors the court may consider are:  (1) the cost and inconvenience of transporting the
prisoner, (2) the security risk and potential danger to the court and public, (3) whether the
prisoner's claims are substantial, (4) whether a determination of the matter can reasonably be
delayed until the prisoner is released, (5) whether the prisoner can and will offer admissible,