00-00278 In re Cervantes.wpd



No. 04-00-00278-CV



In re Mark A. CERVANTES



Original Proceeding


Related Trial Court No. 95-CI-08368

From the 285th Judicial District Court, Bexar County, Texas

Honorable Michael Peden, Judge Presiding (1)



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 

Delivered and Filed: September 27, 2000


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 In this original proceeding, Relator, Mark A. Cervantes, seeks to require the Presiding
Court of Bexar County to set his pretrial motions for hearing and provide him with a means
to appear for those settings in order to prosecute his civil action in the district court. (2) We
conditionally grant the writ of mandamus.Background

 Cervantes is an inmate in the Texas Department of Criminal Justice-Institutional
Division. He filed a pro se civil lawsuit in the District Court of Bexar County against the
attorneys who represented him in the criminal prosecution, alleging violations of the Texas
Consumer Protection-Deceptive Trade Practices Act. (3) In spite of repeated requests to the
District Clerk of Bexar County, the Presiding Judge of Bexar County, and the Non-Jury
Setting Clerk, Cervantes has not been able to have his pretrial motions heard or ruled upon
in the trial court.

 Local Rule 3.9 of the Bexar County District Courts requires a party or his counsel to
appear in person for a hearing on pretrial motions. If the setting for a hearing is called and
no party announces ready in open court, the hearing is dropped. Cervantes acknowledges he
is not unconditionally entitled to appear in person for pretrial hearings; (4) however, he
complains the trial court has made no provision for either video or telephonic conferencing
that would enable him to prosecute his case. As a result, he has not been able to obtain any
rulings on his pretrial motions in nearly two years. Cervantes seeks an order that the trial
court "establish an effective means for [relator's] attendance at hearings needed for the full
preparation and prosecution of [the] cause of action," or "in the alternative, order [the trial
court] to grant the appointment of counsel." 

Standard of Review

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). A trial court is required to consider and rule upon a motion
within a reasonable time. In re Ramirez, 994 S.W.2d 682, 683 (Tex. App.-San Antonio 1998,
orig. proceeding). "When a motion is properly filed and pending before a trial court, the act
of giving consideration to and ruling upon that motion is a ministerial act, and mandamus
may issue to compel the trial judge to act." In re Ramirez, 994 S.W.2d at 683-84 (citing
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997, orig.
proceeding)). We have jurisdiction to direct the trial court to consider and rule on pending
matters; however, we may not tell the trial court what ruling it should make. See id. at 684;
see also Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex.1962).

Discussion

 An inmate may not be denied access to the courts merely because of his incarceration.
See In re Ramirez, 994 S.W.2d at 683-84 (citing Hudson v. Palmer, 468 U.S. 517 (1984)).
If the trial court finds Cervantes' presence is not necessary to the disposition of his motions,
then he "should be allowed to proceed by affidavit, deposition, telephone or other effective
means." See id.; In re Pedraza, 978 S.W.2d 671, 672 (Tex. App.-Corpus Christi 1998, orig.
proceeding) (quoting Byrd v. Attorney General, 877 S.W.2d 566, 567 (Tex. App.-Beaumont
1994, no writ)). The trial court abuses its discretion when it fails to rule upon a proper motion
in a timely manner. See In re Ramirez, 994 S.W.2d 684. 

 Respondent argues Cervantes has only asked for two types of relief, video
teleconferencing and/or the appointment of an attorney, and both types of relief are
inappropriate in this case. We disagree with Respondent's reading of the petition for writ of
mandamus and the record in this case.

 On or about December 4, 1994, Cervantes wrote directly to Judge Peden requesting
that a procedure be instituted to allow Cervantes to have his pretrial motions heard. In the
letter, Cervantes suggested a teleconference or decision without personal appearance.
Because Cervantes did not use the non-jury setting procedure under Local Rules 3.3-3.10 to
set his pretrial motions for hearing, it appears no action was taken on this request. On or
about December 12, 1997, Cervantes sent another letter to Judge Peden, enclosing a Motion
to Secure Constitutional Rights to Access to the Courts and Due Process of Law in which he
requested the District Court to implement the video conferencing option available under Tex.
Civ. Prac. & Rem. Code Ann. § 14.008. In response, he received a letter from a staff
attorney with the Bexar County District Court Administration asking Cervantes not to send
any further ex parte communications directly to the judge and including a copy of the Local
Rules for the setting of motions for hearing. Shortly thereafter, Cervantes received a notice
from the District Clerk advising him of the procedure for setting motions on the non-jury
hearing docket. Cervantes requested and received a hearing setting for the motion to secure
constitutional rights but the setting was dropped when Cervantes did not appear to announce
in person.

 On December 12, 1998, Cervantes sent a letter to the Non-Jury Setting Clerk of the
Presiding Court with a proposed order requesting a hearing date for five listed motions. The
letter specifically asked the Clerk not to set a hearing date until the trial court had determined
an appropriate manner for Cervantes' appearance. The proposed order also contains a request
for hearing and a request for some method of appearance, including telephone conference.
The order was subsequently signed by the presiding judge setting the hearings for December
28, 1999. (5) No provision was made for Cervantes' appearance and the setting was again
dropped when he did not appear.

 Clearly frustrated with the lack of response from the District Court, on September 24,
1999, Cervantes filed a Motion Requesting the Appointment of Counsel. In the motion,
Cervantes notes he is requesting counsel only because his prior requests for alternate methods
of appearance have gone unresolved. With the motion, Cervantes filed a letter waiving his
right to appear in person and, in conspicuous typestyle, asking the trial court to rule without
appearance due to his incarceration. In addition, Cervantes included a request for ruling
without personal appearance in his proposed order setting a hearing.

 Respondent states the motion for appointment of counsel was denied when "the
Presiding Judge simply made an exception to the general practice and ruled on submission."
We find no evidence such a ruling was ever made. Cervantes provided a copy of the letter
response he received from the Bexar County Civil District Court Administration which
states, "Please be advised that the Court has declined to set your Motion for the Appointment
of Counsel in the above referenced matter. . . . Additionally, please be advised that you
cannot waive the requirement of your own appearance at a hearing. Accordingly, the
proposed Order was placed in the file unsigned at this time." Respondent has not provided
a copy of an order signed by a district judge which grants or denies the motion for
appointment of counsel. We find no evidence in the record on mandamus that any of
Cervantes' pretrial motions have ever been ruled upon by the trial court.

 We hold Cervantes adequately brought his request for an alternate method of
appearance to the attention of the trial court and the Non-Jury Setting Clerk. At various
times, Cervantes suggested several alternatives to personal appearance, including waiver of
appearance, telephone conference, video conference, and appointment of counsel. The trial
court has not addressed this concern and has not ruled on any of Cervantes' pretrial motions.
This failure is a failure to perform the court's ministerial duty. See In re Ramirez, 994
S.W.2d at 683-84. We will not dictate the method the trial court should employ to accomplish
the hearing and/or ruling. However, under these circumstances, we may order the trial court
to perform its duty. If the trial court finds Cervantes' physical presence is not necessary to
the disposition of the pretrial motions, and Cervantes has conceded it is not, then the court
must employ some effective means to proceed, whether by affidavit, deposition, telephone,
or otherwise. (6) See Zuniga v. Zuniga, 13 S.W.3d 798, 802 (San Antonio 1999, no pet.); Pruske
v. Dempsey, 821 S.W.2d 687, 689 (Tex. App.-San Antonio 1991, no writ). We believe the
trial court will be able to proceed to a ruling on Cervantes' motions by one of the means
suggested in this opinion; therefore, we need not address Cervantes' alternate request for
appointment of counsel at this time. 

Conclusion

 Because the trial court failed to consider Cervantes' pretrial motions within a
reasonable time, we conditionally grant Cervantes' petition for mandamus. The trial court
is directed to consider Cervantes' pending motions, determine the most effective means to 

proceed in the face of Cervantes' incarceration, and proceed to a ruling. The writ will issue
only if the court fails to comply with these instructions within a reasonable time. 



 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH

1. The Civil District Courts of Bexar County operate on a central Presiding Court system. Each civil district court
judge serves as the presiding judge of the Presiding Court on a rotating basis; accordingly, we address our order to the
presiding judge of the court in which relator's suit is filed, the Honorable Michael Peden of the 285th Judicial District
Court of Bexar County, Texas.
2. Cervantes frames his complaint in two issues; however, the issues are so intertwined that we may address them
as one.
3. Mark A. Cervantes v. Eugene M. Chavez & Michael D. Granados, Cause No. 95-CI-08368.
4. See Nichols v. Martin, 776 S.W.2d 621, 623 (Tex. App.-Tyler 1989, no writ).
5. The date appears to be a typographical mistake because it set the hearing a full year in the future. Cervantes
wrote the Non-Jury Setting Clerk on December 15, 1998 and again on January 5, 1999, about the hearing date and his
request for an alternate method of appearance but apparently received no response.
6. We do not suggest the Bexar County District Courts must change their Local Rule requiring personal
appearance at hearings on pretrial matters. However, where, as here, the movant cannot personally appear except by the
order of the trial court, some alternate means of proceeding is required in order to preserve the movant's access to the
court.