Donald E. JONES, Appellant,

v.

Terry JONES, Appellee.

No. 08–99–00373–CV.

Court of Appeals of Texas,
El Paso.

Nov. 1, 2001.

Donald E. Jones, Abilene, for appellant.

Julia L.S. Gooden, Robinson West & Gooden, P.C., Dallas, for appellee.

Before Panel No. 2: BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

This is a restricted appeal arising from a post-answer default divorce decree in which Donald E. Jones, appearing *pro se,* generally complains of the trial court's denial of his motion for continuance and his right to "appear and be heard" because of his incarceration. We reverse and remand.

## PROCEDURAL HISTORY

Terry Jones filed an original petition for divorce on September 24, 1998. Donald filed a *pro se* answer on November 2, 1998, in which he requested that no hearing be conducted prior to his scheduled release from a federal penitentiary in April 1999, in order that he be allowed "an opportunity to appear and be heard." Nevertheless, a default judgment was taken against him when he failed to appear for trial on March 1, 1999. Although there was no proof offered at the hearing that Donald had received the requisite 45–day notice of the trial setting as required by TEX.R.CIV.P. 245, the divorce decree contains the boiler-plate proviso that Donald, "although duly and properly cited, did not appear and wholly made default." [1] The court found that no community property other than personal effects and a 1994 Volvo had been accumulated by the parties during the marriage and these personal effects were awarded to the party having possession. Donald contends that because he was incarcerated at the time of the hearing, all of the marital property was in Terry's possession and consequently was awarded to her. [2]

We have before us an original and two supplemental clerk's records and a reporter's record from the default hearing. The docket sheet reveals an entry captioned "atty request bench warrant" on January 15, 1999. It is unclear whether this was a request by Donald, and thus a misnomer since he was appearing *pro se,* or whether Terry's counsel sought the relief in conjunction with a trial setting request. There is no indication as to the disposition of the request.

Donald filed a motion for continuance on February 22 in which he advised the court that (1) he was in federal custody and unable to attend; (2) he would be released on April 20, 1999 and the case could be "set any time after this date"; and (3) the continuance would not prejudice Terry's

---

1. Donald did not specifically complain of insufficient notice either in his motion for new trial or in his brief to this court. In response to questioning during oral argument, he acknowledged receiving a certified letter, but claimed he had received it "about a month" before the hearing. While our review of the record indicates that notice may well have been insufficient, Donald has waived the issue by failing to complain of the error. *In re Marriage of Parker,* 20 S.W.3d 812, 815–16 (Tex.App.—Texarkana 2000, no pet.).

2. Terry took the position in the trial court that with the exception of the Volvo, the State had seized all the assets:

   MS. JONES: Your Honor, as far as I'm aware of, there is no accumulation of any type of property. Everything was tooken [sic] and in possession of the Government. The State has tooken [sic] that possession. There is nothing there.
   THE COURT: Was Mr. Jones arrested on a drug charge?
   MS. JONES: No. He was arrested on embezzlement, fraud, hot checks, so on and so forth.

case. Terry filed a response to the motion on February 24, complaining that the motion was not verified and supported by affidavit as required by Rule 251 and that the motion did not state it was not being sought for delay. The docket sheet contains a handwritten entry that "Pet. objects. Mtn. denied."

Lastly, Donald filed a motion for new trial[3] in which he argued that he was unable to attend the hearing due to his incarceration and that he had previously requested the matter be continued until after his release date of April 20, 1999. He complained that the division of property was inherently unjust and that he had reason to believe that Terry was selling the marital assets. He claimed that his failure to appear was not intentional nor the result of conscious indifference, that he had a meritorious defense, and that the granting of a new trial would not result in delay or prejudice to Terry. In her response to the motion for new trial, Terry alleged that the trial court had not abused its discretion in denying the continuance because the motion had not been properly verified.

Donald duly perfected this appeal. Typical of *pro se* briefing, Donald has not specifically couched his claims in terms of "points of error" or "issues for review." Nevertheless, we can readily ascertain his complaint to be that he was denied the ability to participate at trial. Terry has not favored us with a brief, nor did she appear for oral argument.

## STANDARD OF REVIEW

In addressing Donald's issue as we have construed it, we apply an abuse of discretion standard of review. *In re Marriage of Daugherty*, 42 S.W.3d 331, 335 (Tex.App.—Texarkana 2001, no pet.h.). An abuse of discretion is not whether, in the opinion of an appellate court, the facts present an appropriate case for the trial court's actions; rather, it is question of whether a court acted without reference to any guiding rules and principles or otherwise acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Amador v. Tan*, 855 S.W.2d 131, 133 (Tex.App.—El Paso 1993, writ denied). The mere fact a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242, *citing Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965).

## REQUEST TO PARTICIPATE IN THE TRIAL

It is clear from the record based upon the assertions in Donald's original answer, in his motion for continuance, and in his motion for new trial that he wanted the trial on the merits to be postponed until his release from prison. Though a party may not be denied access to the courts merely because he is an inmate, there is no *absolute* right for an inmate to

---

**3.** We pause here to note some procedural discrepancies and/or irregularities. The copy of the motion for new trial which is contained within the clerk's record bears a file-stamp of August 27, 1999, yet the computer generated docket sheet for the civil district courts reveals a filing date of September 22, 1999. Even more peculiar is the fact that the motion itself was subscribed and sworn to before a notary public on March 23 and Terry filed a response to the motion on April 13, 1999, some four months before the file-stamped copy in the record and five months before the district clerk shows it was filed. Consequently, we are unable to determine whether the motion for new trial was timely filed.

appear personally in court in a civil case. *In re Marriage of Daugherty,* 42 S.W.3d at 335; *Armstrong v. Randle,* 881 S.W.2d 53, 57 (Tex.App.—Texarkana 1994, writ denied); *see also Brewer v. Taylor,* 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ). In considering an inmate's *qualified* right to appear, courts generally follow a balancing approach, weighing the preservation of the correctional system's integrity against the prisoner's right of access, with a goal of achieving a balance that is fundamentally fair. *In re B.R.G.,* 48 S.W.3d 812 (Tex.App.—El Paso 2001, no pet.); *Daugherty,* 42 S.W.3d at 335. Several factors are considered in determining this balance, including:

- the cost and inconvenience of transporting the inmate to court;
- the security risk and danger to the court and the public by allowing the inmate to attend court;
- whether the inmate's claims are substantial;
- whether a determination of the matter can reasonably be delayed until the inmate is released;
- whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise;
- whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses;
- whether the trial is to the court or to a jury; and
- the inmate's probability of success on the merits.

*B.R.G.,* 48 S.W.3d at 819–20; *Daugherty,* 42 S.W.3d at 335; *Brewer,* 737 S.W.2d at 423. A key factor is whether the inmate is represented by counsel. *Armstrong,* 881 S.W.2d at 57, *citing Pruske v. Dempsey,* 821 S.W.2d, 687, 689 (Tex.App.—San Antonio 1991, no writ).

■ ▪ Other courts have suggested that the balancing factors weigh more heavily in the inmate's favor when he did not initiate the suit. *See Dodd v. Dodd,* 17 S.W.3d 714, 718 (Tex.App.—Houston [1st Dist.] 2000, no pet.)(in appeal from suit to declare marriage void and divide accumulated property, *pro se* respondent entitled to have trial court address request for bench warrant, weigh the factors relating to his right to appear, make findings as to the need for his presence in light of his *pro se* status, and determine an alternate means for him to present and respond to evidence); *Pruske,* 821 S.W.2d at 689 (finding an abuse of discretion where the inmate was the defendant, had made it clear well in advance that he denied the plaintiff's claims and wished to either have an appointed attorney or to represent himself, and the trial court's denial of his requests resulted in a post-answer default judgment). Where an inmate has been effectively barred from presenting his case, appellate courts have been willing to find error in the denial of an inmate's request to personally appear. *Daugherty,* 42 S.W.3d at 335; *Armstrong,* 881 S.W.2d at 57; *Pruske,* 821 S.W.2d at 688–89; *Nichols v. Martin,* 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989, no writ). A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means so as to effectively bar him from presenting his case constitutes an abuse of discretion. *B.R.G.,* 48 S.W.3d at 820.

In *Daugherty,* the appellant had not requested a bench warrant, but did request, via a motion for continuance, that the trial court consider "an alternative dispute resolution by means of conference call." He contended on appeal that the trial court abused its discretion by refusing his request. The appellate court first noted sev-

eral decisions in which the courts had accommodated an inmate through means other than personal attendance. *See Birdo v. Holbrook,* 775 S.W.2d 411, 414 (Tex. App.—Fort Worth 1989, writ denied)(inmate allowed to proceed by affidavit); *Byrd v. Attorney Gen. of Texas, Crime Victims Compensation Div.,* 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ)(in lieu of personal appearance, a prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means). The court then concluded that the trial court had abused its discretion in refusing the appellant's request to participate in some way in the trial. *Daugherty,* 42 S.W.3d at 335.

A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *See* Tex.R.Civ.P. 251; *Blake v. Lewis,* 886 S.W.2d 404, 409 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Higginbotham v. Collateral Protection, Inc.* 859 S.W.2d 487, 490 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Granting or denying a motion for continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *See* Tex.R.Civ.P. 252; *State v. Wood Oil Dist., Inc.,* 751 S.W.2d 863, 865 (Tex.1988); *State v. Crank,* 666 S.W.2d 91, 94 (Tex. 1984); *Hatteberg v. Hatteberg,* 933 S.W.2d 522, 527 (Tex.App.—Houston [1st Dist.] 1994, no writ). However, a trial court lacks the discretion to reject the uncontroverted facts established in a party's first motion for continuance.[4] *Roob v. Von Ber-*

*egshasy,* 866 S.W.2d 765, 766 (Tex.App.—Houston [1st dist.] 1993, writ denied).

If a motion for continuance is not verified or supported by affidavit, the appellate court will presume the trial court did not abuse its discretion in denying the motion. *Southwest Country Enterprises, Inc. v. Lucky Lady Oil Company,* 991 S.W.2d 490, 493 (Tex.App.—Fort Worth 1999, pet. denied); *Waste Water, Inc. v. Alpha Finishing & Developing Corp.,* 874 S.W.2d 940, 942 (Tex.App.—Houston [14th Dist.] 1994, no writ). We caution that this presumption is rebuttable, not absolute. *Moffitt v. DSC Finance Corp.,* 797 S.W.2d 661, 663 (Tex.App.—Dallas 1990, writ denied); *Thrower v. Johnston,* 775 S.W.2d 718, 720–21 (Tex.App.—Dallas 1989, no writ). We conclude that on these facts, the presumption was rebutted. We reiterate that the record reveals a bench warrant was requested. We can assume from the fact that Donald did not appear at trial that this relief was never considered by the court or was flatly denied. When he learned of the March 1 setting, Donald filed a motion for continuance, repeating a request first articulated in his answer and once again advising the court of his anticipated release date—April 20, 1999—within two months of the trial setting.

The record does not demonstrate that the trial court balanced the need for Donald to appear with the short delay which would be necessitated by the continuance, or considered viable alternative options of participation if a longer delay were anticipated. The suit for divorce was filed

---

4. In her response to the motion for continuance, Terry did not challenge Donald's contention that he would be released on April 20, 1999. Donald's motion for new trial is supported by his affidavit that he would be released on April 20. Terry's response to the motion for new trial is supported by her affidavit that Donald would be released to a

halfway house on April 20 but would not be released from custody until November 15. The later release date would have some bearing on whether the court would delay the proceedings until Donald's release or make alternate arrangements for his participation; it has no bearing on whether Donald should be provided *any* means of participation.

while he was incarcerated and he had no ability to seek representation. He did persist, however, in expressing his desire to appear and tender evidence concerning the property of the parties which had accumulated throughout some ten years of marriage, some of which he contends is his separate property. Finding the denial of the motion for continuance to constitute an abuse of discretion, we reverse the judgment and remand the case to the trial court for a new trial.