NUMBER 13-00-428-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



 HUGHE LAWRENCE TROLLINGER , Appellant, 
v.


MILDRED LANDIS TROLLINGER , Appellee.



On appeal from the 25th District Court

of Lavaca County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Kennedy (1)

Opinion by Justice Kennedy


Appellant is incarcerated in the Wallace Pack unit of the Texas Department of Criminal Justice, Institutional Division. He
alleges that he was served with citation while so incarcerated which notified him that his wife (appellee) had filed this suit
for divorce in Lavaca County. The record shows that appellant filed an answer to appellee's petition for divorce in which
he agrees that the marriage is insupportable. Appellant also filed a motion for a temporary restraining order to protect his
property and a motion for bench warrant, or in the alternative that the hearing be conducted by conference call in order that
he may be heard at the trial of this case. Appellant alleges, and the clerk's record supports the fact, that no action was taken
by the trial court on either motion. Along with his various pleadings, appellant has included an extensive list of his
personal property which he stated to the trial court was in the possession of appellee.

The decree of divorce signed by the trial judge herein states that appellant signed a waiver and did not appear. It also states
that a jury was waived. Appellant denies any such waivers and they do not appear in the record. The divorce decree
awarded all property to the "person in possession."

Appellant requests that we reverse the judgment of the trial court and remand with instructions. We agree that some such
action is appropriate.

More specifically, appellant alleges that a notice of setting was received by him from the clerk of the trial court notifying
him that the case would be set for trial on a certain date. Appellant further alleges that he then advised the trial court that
he was re-urging his motion to be present on the trial date or that the hearing be conducted by conference call. He says that
after not hearing from the trial court for 66 days, he made inquiry by mail and was sent a copy of the final decree of the trial
court which recited that he had signed a waiver and that the divorce had been granted. The San Antonio Court of Appeals
had a case before it almost identical to the case before us. Zuniga v. Zuniga, 13 S.W.3d 798 (Tex. App.- San Antonio 1999,
no pet.). There the San Antonio court said:

Mario's failure to appear or be heard was not intentional or the result of conscious indifference, but occurred because the
court failed to issue a bench warrant or request his testimony. Although Mario requested the trial court to issue a bench
warrant, the trial court did not do so. The trial court did not seek any form of testimony from Mario that could have
reasonably substituted for an appearance under Pruske. (2) We believe that Mario's incarcerated status and the trial court's
failure to issue a bench warrant for his attendance or allow an alternative means of participation, as he explained in his
April 6, 1998 filing, satisfies the first prong of Craddock. (3)


 . . . Because we have already concluded that the trial court did not afford Mario due process in adjudicating the dissolution
of his marriage, we need not examine whether Mario has established a meritorious defense in his pleadings. (citations
omitted).

Id. at 803.

We REVERSE the judgment of the trial court and remand the case to the trial court for a new trial.



NOAH KENNEDY,

Justice





Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 7th day of February, 2002.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas purusant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Pruske v. Dempsey, 821 S.W.2d 687 (Tex. App.-San Antonio 1991, no writ).

3. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. Comm. of App. 1939) held "A default judgment should be
set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not
intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion
for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or
otherwise work an injury to the plaintiff."