82 S.W.3d 100 (2002)
In the Interest of Z.L.T., et al., Children.
No. 04-00-00763-CV.
Court of Appeals of Texas, San Antonio.
April 17, 2002.
*101 Zeb Lee Thompson, Rosharon, pro se.
John B. Worley, Assistant Attorney General, Austin, Michelle Young Leding, Assistant Attorney General, San Antonio, for Appellee.
Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, and SANDEE BRYAN MARION, Justice.
Opinion by PHIL HARDBERGER, Chief Justice.
This appeal is from an order establishing the parent-child relationship between the appellant and three minor children. Appellant raises three issues in his brief, contending the trial court erred by: (1) failing to give appellant notice of the hearing; (2) failing to ensure that a reporter's record was made of the proceedings; and (3) failing to consider and rule on appellant's application for writ of habeas corpus ad testificandum, requesting that appellant be permitted to personally appear at all hearings. On its own motion, this court voted to consider the case en banc. See Tex.R.App. P. 41.2(c). The en banc court concludes that the trial court erred in failing to consider and rule on appellant's application for writ of habeas corpus ad testificandum. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion. Because appellant's other issues are not necessary to the final disposition of the appeal, we do not address them. See Tex.R.App. P. 47.1.

Background
The Attorney General of Texas filed a petition to establish the parent-child relationship to three minor children, naming the appellant as the father of the children. The appellant, who was incarcerated, filed an application for writ of habeas corpus ad testificandum, requesting that he be permitted to personally appear at all hearings. The record does not reflect that the trial court considered or ruled on appellant's application. After a hearing, the trial court entered an order establishing the parent-child relationship, ordering appellant to pay current and retroactive child support, and setting visitation.

Discussion
Individuals who are incarcerated do not automatically lose their fundamental constitutional right to court access as a result of their incarcerated status. Zuniga v. Zuniga, 13 S.W.3d 798, 801 (Tex. App.-San Antonio 1999, no pet.). However, incarcerated individuals, whether they are defendants or plaintiffs in civil actions, do not have an absolute right to appear in person. Zuniga v. Zuniga, 13 S.W.3d at 801; Pruske v. Dempsey, 821 S.W.2d 687, 689 (Tex.App.-San Antonio 1991, no writ). In situations in which an incarcerated individual has requested to be present at hearings, Texas courts require the trial court to directly address the issue "by weighing the protection of the integrity of the correctional system against the prisoner's right of access to the courts and strike a *102 balance that is fundamentally fair." Pruske, 821 S.W.2d at 689; see, e.g., Jones v. Jones, 64 S.W.3d 206, 211-12 (Tex.App.-El Paso 2001, no pet. h.); Taylor v. Taylor, 63 S.W.3d 93, 97 (Tex.App.-Waco 2001, no pet.); Dodd v. Dodd, 17 S.W.3d 714, 718 (Tex.App.-Houston [1st Dist.] 2000, no pet.); Byrd v. Attorney General, 877 S.W.2d 566, 569 (Tex.App.-Beaumont 1994, no writ); Nichols v. Martin, 776 S.W.2d 621, 623 (Tex.App.-Tyler 1989, orig. proceeding); Birdo v. Holbrook, 775 S.W.2d 411, 414 (Tex.App.-Fort Worth 1989, writ denied). Some of the factors the trial court may consider are:
a. the cost and inconvenience of transporting the prisoner between his place of incarceration and the courtroom;
b. the security risk and potential danger to the court and public of allowing the prisoner to attend court;
c. whether the prisoner's claims are substantial;
d. whether a determination of the matter can reasonably be delayed until the prisoner is released;
e. whether the prisoner can and will offer admissible, noncumulative testimony which cannot be offered effectively by deposition, telephone, or otherwise;
f. whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;
g. whether the trial is to the court or to a jury; and
h. the prisoner's probability of success on the merits.
Pruske, 821 S.W.2d at 689. In this case, the trial court abused its discretion by failing to directly address the appellant's request to appear in person and to strike a balance that is fundamentally fair. Id.
The Attorney General requests that we reconsider our prior decisions and hold that the trial court's duty to weigh the issue is not triggered unless the inmate has provided sufficient information to the court. The Attorney General further argues that we should imply from a silent record that the trial court considered the request.
Requiring the inmate to provide information regarding each of the factors the trial court may consider would not appear to be of much assistance to the trial court in undertaking the balancing. See id. (listing factors trial court may consider). The majority of the factors require subjective determinations by the trial court in view of the nature of the underlying litigation and the nature of the requesting party's history. If the trial court needed additional information regarding these factors, the trial court could seek the information in considering the request.
In addition, each of the Attorney General's arguments appears to ignore the reason the trial court is required to undertake a balancing in considering such a request. The trial court is required to undertake this balancing to protect an inmate's fundamental constitutional right to court access. If we adopt an approach that assumes the trial court engaged in this balancing despite a silent record, and the trial court in reality failed to consider the controlling factors, the trial court has effectively deprived an inmate of his constitutional rights without any consideration. For these reasons, we reject the attorney general's arguments and hold that the record must expressly reflect that the trial court addressed the inmate's request to appear. See Jones v. Jones, 64 S.W.3d at 211-12 (noting record did not demonstrate that trial court balanced the need to appear); Taylor v. Taylor, 63 S.W.3d at 97-98 (rejecting attorney general's *103 argument that request did not provide sufficient justification for presence); Dodd v. Dodd, 17 S.W.3d at 718 (noting record did not reflect that the trial court addressed request to be present and holding trial court should have "(1) made findings as to the need for [appellant's] presence in light of the issues raised by appellant's pro se defendant status, and (2) determined alternate means for him to present and respond to evidence"); Byrd v. Attorney General, 877 S.W.2d at 569 (record failed to reflect if trial court ruled on request); Nichols v. Martin, 776 S.W.2d at 623 (concluding trial court must make the pertinent inquiries when request is made).
Finally, the Attorney General argues that we should not require the trial court to consider an inmate's request unless the inmate proffers alternative forms of participation. However, alternative means of access is included in the factors the trial court may consider. Zuniga, 13 S.W.3d at 801 (noting trial court could have afforded alternative means of access if it concluded that presence was unnecessary). The inmate is requesting to personally appear. In addressing this request, the trial court has the discretion to consider whether alternative forms of participation would satisfy the inmate's right to court access. Alternative forms of access is not something that the inmate must proffer because the consideration of alternative access is within the trial court's discretion.

Conclusion
The trial court abused its discretion in failing to directly address the appellant's request to be present at all hearings. The trial courts' judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
Concurring opinion by SARAH B. DUNCAN, Justice, joined by Justice PAUL W. GREEN and Justice KAREN ANGELINI.
Following previous decisions of this court and others, the majority reverses the judgment because the trial court "abused its discretion by failing to directly address the appellant's request to appear in person and to strike a balance that is fundamentally fair." See, e.g., Zuniga v. Zuniga, 13 S.W.3d 798, 801 (Tex.App.-San Antonio 1999, no pet.); Pruske v. Dempsey, 821 S.W.2d 687, 689 (Tex.App.-San Antonio 1991, no writ). However, in reaching its decision, the majority does not detail the extent to which the appellant's motion addresses the relevant factors.[2] In fact, the motion states no basis for why the appellant's appearance at trial is desirable or necessary; nor does it ask for permission to appear by an alternate means. The same was true of Zuniga's application. Under these circumstances, other courts of appeals would reject the appellant's claim of reversible error. See Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 342 (Tex. App.-Corpus Christi 1997, no pet.) ("His application for a writ of habeas corpus ad testificandum contains no basis or argument for granting it."); Armstrong v. Randle, 881 S.W.2d 53, 57-58 (Tex.App.-Texarkana 1994, writ denied) ("He fails to show, however, the substance of any testimony he would have given, or how such testimony would have affected the jury's verdict. He does not show why such testimony could not have been given by deposition, telephone, affidavit, or otherwise."); Brewer v. Taylor, 737 S.W.2d 421, 423-24 *104 (Tex.App.-Dallas 1987, no writ) ("His application for writ of attachment contains no basis or argument for granting it.").
In light of these decisions from other courts of appeals, it is not surprising that the Attorney General asks that we reconsider our prior decisions and hold that the trial court's duty to weigh the relevant factors "will not be triggered unless the inmate has provided sufficient information in his bench warrant request."[3] The majority refuses to do so for two reasons: (1) "[r]equiring the inmate to provide information regarding each of the factors the trial court may consider would not appear to be of much assistance to the trial court in undertaking the balancing"; and (2) "each of the Attorney General's arguments appears to ignore the reason the trial court is required to undertake a balancing""an inmate's fundamental constitutional right to court access." Neither reason, in my view, supports the continued adherence to our previous decisions and the concomitant burden imposed on litigants, trial courts, and our judicial system in general.
As a general rule, "one who first requests the intervention of a court in his behalfwho asserts a right or a duty and demands a remedyis properly required to carry the burden of proving his right to the remedy...." Pace Corp. v. Jackson, 155 Tex. 179, 284 S.W.2d 340, 350 (1955). Thus, our procedural rules require a movant to state in his motion the relief requested and the particular grounds supporting his request. See Tex.R. Civ. P. 21; Tex.R.App. P. 10.1(a); Tex.R.App. P. 33.1(a)(1)(A). These rules are based on nothing moreand nothing lessthan commonsense. For a court to evaluate a movant's request, the court must be informed about what relief the movant seeks and why, in the movant's view, the requested relief is appropriate. This commonsense rule applies with as much or more force in the context of an incarcerated litigant's application for a bench warrant. To perform the balancing required by our prior decisions, the court must have knowledge of several facts. For instance, at the time of trial, where will the incarcerated litigant be physically located? The State of Texas covers 266,807 square miles; and, within the Texas Department of Criminal Justice, there are over 100 facilities, stretching from El Paso to Texarkana, from Edinburg to Dalhart.[4] For what criminal offense was the litigant incarcerated and what has been his record for violent behavior while in prison? When does the litigant believe he will be released? Most importantly, what material, relevant, and non-cumulative evidence does the incarcerated litigant intend to present and why, in the litigant's view, can this evidence not be presented effectively by deposition, telephone, or some other means? Who better to provide this information to the court than the incarcerated litigant?
I do not doubt that the decision on an application for a bench warrantas well as the balancing required on several of the factors outlined in our prior decisions requires a court to make a series of subjective determinations. But a subjective determination cannot be made without basic factual information. And it is the incarcerated *105 litigant who can and, under our rules of procedure, should provide the starting point for the court's investigation. This information can then be verified and considered by the court.
The majority states that the sua sponte investigation required by our prior decisions is necessary to "to protect an inmate's fundamental constitutional right to court access." In so doing, the majority implies a far broader constitutional right than has actually been recognized. As the Fifth Circuit has noted, "`[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.'" Norton v. Dimazana, 122 F.3d 286, 290 (5th Cir.1997) (quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir.1993), cert. denied, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994)); see also Wolff v. McDonnell, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Certainly this importantbut nonetheless narrowly-defined constitutional right is not impacted by requiring an incarcerated litigant to include in his application for a bench warrant a statement of the grounds for the relief he requests.
In all other contexts, this court holds "[a] pro se litigant ... to the same standards as licensed attorneys" and requires him to "comply with applicable laws and rules of procedure." Shull v. United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex.App.-San Antonio 1999, pet. denied), cert. denied, 531 U.S. 835, 121 S.Ct. 94, 148 L.Ed.2d 53 (2000), quoting Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied). I would do the same in this context and hold (1) an incarcerated litigant who applies for a bench warrant must comply with Texas Rule of Civil Procedure 21 by including in his application a statement of the relief he seeks and the grounds supporting his request, and (2) if a trial court proceeds to trial without expressly ruling on an application for a bench warrant, it is implicitly denied. Because these holdings would effect a change in the law, however, I would apply them prospectively only. Accordingly, I concur in the majority's judgment reversing the trial court's judgment and remanding the cause. See Tex.R.App. P. 43.3(b).
NOTES
[2] See also In re Taylor, 39 S.W.3d 406, 412 (Tex.App.-Waco 2001, orig. proceeding); Dodd v. Dodd, 17 S.W.3d 714, 716-18 (Tex. App.-Houston [1st Dist.] 2000, no pet.); Byrd v. Attorney General, 877 S.W.2d 566, 569 (Tex. App.-Beaumont 1994, no writ).
[3] The Attorney General also asks that we apply Texas Rule of Appellate Procedure 33.1(a)(2)(A) and hold that by proceeding to trial without issuing a bench warrant the trial court implicitly denied the application. Cf. Williams v. Bank One, Texas, N.A., 15 S.W.3d 110, 114 (Tex.App.-Waco 1999, no pet.) (holding that by proceeding to trial the trial court implicitly denied a motion for continuance). I would do so.
[4] See http://www.tdcj.state.tx.us/stat/publications/fy2001 statsum.pdf.