**Michael L. GOMPERTS, Appellant,**

v.

**Jimmie Oliver WENDEBORN, Appellee.**

**No. 11600.**

Court of Civil Appeals of Texas.

Austin.

April 24, 1968.

Kemp & Prud'homme, Gilbert Prud'homme, Owen Wade Anderson, Austin, for appellant.

Dale Ossip Johnson, Austin, for appellee.

PHILLIPS, Chief Justice.

This case involves the correctness of the trial court's ruling in granting appellee herein a judgment nihil dicit.

Appellant failed to appear at the time and place appointed for trial on the merits after ample notice of the setting. Judgment was rendered for appellee. Appellant then filed a motion for new trial which was overruled. Hence his appeal to this Court.

We affirm.

Appellant is before this Court on six points of error, the first of which has been waived. Points two, three, four and five, briefed together, are as follows: the error of the trial court in finding that appellant had entrusted his automobile to the driver of the car since there is no evidence supporting this finding of fact or that there was insufficient evidence for such finding; the error of the court in concluding as a matter of law that the appellant had entrusted his automobile to the abovementioned driver and that such entrustment was a direct and proximate cause of the injuries and damages of appellee since there was no evidence supporting this conclusion of law or that there was insufficient evidence to support this conclusion.

We overrule these points.

This case arose as a damage suit for negligent collision brought by appellee against appellant and the driver of appellant's car at the time of the accident. The trial court rendered a joint and several judgment against both defendants for $493 actual damages.

The trial court filed findings of fact and conclusions of law and it is the lack of evidence or the insufficiency of the evidence to support these findings that is assigned as error here.

■ The law in this regard is stated in 33 Tex.Jur.2d, Judgments, sec. 130, as follows: "A judgment nihil dicit amounts to something more than a statutory default judgment; it is said to partake of the nature of a judgment by confession as well as a judgment by default, and to possess a stronger implication in favor of the plaintiff's claim than an ordinary default judgment."

■ "A petition stating a cause of action is as much as prerequisite to a judgment nihil dicit as to a judgment by default. If, however, the petition shows an attempt to state a cause of action coming within the court's jurisdiction, it may be sufficient and the scope of the defendant's implied confession will be measured by the cause of action attempted to be stated." Citing cases.

■ No deficiency in the appellee's pleadings has been called to our attention and there is no question as to the jurisdiction of the court.

Likewise we overrule appellant's sixth point of error which is that of the court in failing to grant his motion for a new trial for the reasons set out above and because appellant's attorney was unavoidably detained and was thus unable to appear at the time of trial.

■ The record discloses that appellant's counsel had notice of the trial date; that a meritorious defense to appellee's cause of action was not pleaded and no valid reason was presented for appellant's failure to appear. Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124; Ivy v. Carrell, 407 S.W.2d 212 (Tex. 1966).

The judgment of the trial court is affirmed.

Affirmed.