**Eugene Ralph ROBERSON, Jr., Petitioner-Appellant,**

v.

**Robert HEWES, Sheriff of Aransas County, Respondent-Appellee.**

No. 82–2349
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 28, 1983.

Eugene Ralph Roberson, Jr., pro se.

Allen Wood, Corpus Christi, Tex., for respondent-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Eugene Roberson claims that for three weeks in December of 1979, the Sheriff of Aransas County, Texas held him in the county jail and refused to let him post a duly set bond. Our present problem stems from the fact that Roberson filed this section 1983 damage action against the sheriff from his cell in the Texas Department of Corrections at Huntsville, where he is now serving time on an unrelated charge. In a memorandum opinion issued on the pleadings, the district court decided that Roberson cannot effectively prosecute his case while he is a prisoner, and *sua sponte* dismissed the action without prejudice to its renewal after Roberson regains his freedom. Roberson appeals. We reverse.

The district court took its cue from *Ball v. Woods*, 402 F.Supp. 803 (N.D.Ala.), affirmed sub nom. *Ball v. Shamblin*, 529 F.2d 20 (5th Cir.1975), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976). Like the *Ball* court, it observed that Roberson's appearances in court—always upon the court's special permission—might disrupt prison administration, present a security risk, enhance the possibility of escape, and impose substantial costs on the state and federal governments. It postulated that these risks might be magnified if Roberson found it necessary to subpoena other prisoners as witnesses; it further supposed that Roberson would likely have difficulty in retaining an attorney while he is incarcerated, and difficulty in consulting with counsel even if one was found. Against these potential drawbacks, it weighed the likelihood of prejudice to Roberson if his action was postponed, and declared it negligible. The district court held that Roberson's incarceration would toll the statute of limitations until his release, and that he could always preserve testimony under Fed.R.Civ.P. 27 if necessary.

But this is a very different case than *Ball*. That case considered Earnest Ball's petition for a writ of habeas corpus *ad testificandum*. The court was confronted directly with the advisability of bringing Ball to court to prosecute his charges that he had been abused by local county jail officials during his pretrial incarceration. Under the circumstances of that case, it decided that such a move would be unwise. The record indicated that Ball was a dangerous character, harboring particular hostility toward the very law enforcement office in the custody of which he would be placed. Ball was imprisoned for the shotgun murder of a local city policeman killed while attempting to arrest Ball on charges themselves involving violence; a recent deposition showed clearly that Ball seethed with anger against law enforcement personnel specifically and against authority in general. *Ball*, 402 F.Supp. at 809. The *Ball* court concluded that, all things considered, the petitioner's transportation to court and temporary incarceration in the very county jail in which he claimed to have been abused posed a "not insubstantial risk to the safety of others," *id.*, and declined to grant the writ of habeas corpus *ad testificandum*. But the court was keenly aware that its decision would, without more, ring the death knell of what could be a meritorious complaint. Efforts to secure court-appointed counsel for Ball had been unsuc-

cessful. Without Ball's presence in court, the action would stagnate and founder. The district court therefore secured a stipulation from the defense promising to waive any statute of limitations defense against any future reassertion of the claim, and dismissed the action without prejudice to its renewal should circumstances change. *Id.,* 409 F.Supp. at 812.

Roberson is not seeking a writ of habeas corpus *ad testificandum.* He is attempting merely to continue the orderly pursuit of his claim beyond the pleading stage—a most ordinary course abruptly truncated by the district court's *sua sponte* dismissal. The court's assertion that he cannot effectively prosecute this action while in prison is based only on speculation. No hearing was conducted on the matters the court found controlling. Nothing in the record indicates that Roberson's transportation to court would present a special security risk, or that his presentation of his case would necessarily require the presence of other prisoners themselves presenting such risks. *See Bonner v. City of Prichard, Alabama,* 661 F.2d 1206, 1213 (11th Cir.1981). Neither is the court's hypothesizing about Roberson's potential difficulties in working with counsel persuasive. No evidence supports such a conclusion; more importantly, as under 28 U.S.C. § 1654 the district court cannot require the petitioner to proceed through counsel in preference to pro se litigation, even an actual possibility of such problems may well not be relevant. *McKnight v. Blanchard,* 667 F.2d 477, 479 n. 2 (5th Cir.1982).

Roberson is slated for release in 1986 at the earliest. He filed this action just under two years from the date of his alleged detention *sans* bond; the dismissal will at least triple the time between the events themselves and the time of trial. Delaying his action for an additional four years based on speculation that he will not be able properly to pursue it from prison edges close to denying him his day in court simply because he is a prisoner. This cannot be sanctioned. Prisoners retain a right of adequate, effective, and meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 2985–86, 41 L.Ed.2d 935 (1974). That right is eviscerated by dismissals of prisoners' suits on unsubstantiated conclusion of the inmate's inability to prosecute the case while behind bars.

Should the concerns voiced by the district court prove to have some basis, they may be considered if and when a writ of habeas corpus *ad testificandum* is sought, or a motion for dismissal for want of prosecution is broached, *Mitchum v. Purvis,* 650 F.2d 647, 648 (5th Cir.1981). But, as our decisions have repeatedly held, *McKnight,* 667 F.2d at 479; *Mitchum,* 650 F.2d at 648, in the absence of a factual basis for concluding that effective prosecution cannot be maintained, dismissal of prisoner suits is not an appropriate "imaginative and innovative," *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir.1977), response to the onslaught of prisoner litigation. The district court's judgment is reversed and the cause remanded for continuation of proceedings.

REVERSED AND REMANDED.