**Danny FOULDS, Plaintiff–Appellant,**

v.

**Joe CORLEY, et al.,
Defendants–Appellees.**

**No. 87–2730
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1987.

Danny Foulds, pro se.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

The district court invoked 28 U.S.C. § 1915(d) *sua sponte* and dismissed the 42 U.S.C. § 1983 *pro se* and *in forma pauperis* complaint of Danny Foulds. Viewing the complaint in its most favorable light, we find that Foulds has stated a colorable claim and conclude that the dismissal was premature. We vacate and remand for further proceedings, including in the court's discretion, a *Spears*[1] hearing or other appropriate factual development.

The record before us contains only the allegations and assertions of Foulds which, for present purposes, we accept as true and construe in the light most favorable to him. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

Foulds complains that while confined in the Montgomery County, Texas jail, he was wrongfully punished because other prisoners attempted an escape. Foulds consistently denied knowledge of or participation in the escape, but claims that he was placed in solitary confinement to coerce inculpatory statements. He says that he requested the testimony of corroborative witnesses before an investigating disciplinary board composed of three deputy sheriffs. This request was denied and when Foulds continued to profess ignorance of the escape attempt, he was sentenced to solitary confinement for 15 days, followed by restriction of commissary, telephone, and visiting privileges.

1. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Foulds was unsuccessful in his appeal of the ruling to higher authorities, including Sheriff Corley, and this § 1983 action followed. Foulds alleges violations of the eighth and fourteenth amendments. In addition to the due process claim arising out of his disciplinary hearing, he alleges that the solitary confinement cell was very cold and that he had to sleep on a rat-infested floor.

Foulds' complaint follows the cabined format of the *pro se* prisoner litigation form furnished by the authorities.

The trial court dismissed the complaint without affording Foulds an opportunity to amend his claim, to expand upon it by answering form interrogatories, *Watson v. Ault,* 525 F.2d 886 (5th Cir.1976), or to explain it orally to the court or a magistrate, *Spears v. McCotter,* 766 F.2d at 182.

In *Green v. McKaskle,* 788 F.2d 1116 (5th Cir.1986), we expanded upon our holding in *Spears v. McCotter,* posing a dual inquiry for determining whether a *pro se* filing should be dismissed as frivolous under 28 U.S.C. § 1915(d): Does the complaint present an arguably sound claim—and—can the complainant prove a set of facts realistically warranting the relief sought? Applying that test to the record now before us does not lead to the determination that Foulds' complaint is fatally flawed.

Foulds alleges a colorable § 1983 claim. Broadly construed, his complaint alleges that the disciplinary charge against him lacked any evidentiary support, that the deputies involved knew the charge to be baseless, but that they nevertheless conducted a pretextual disciplinary hearing, denying him access to witnesses, to compel disclosure of information they thought he might have. Further, Foulds claims that this action was neither random nor unauthorized but, rather, was intentional, in accordance with established procedures at the jail. If true, these allegations would constitute a due process violation. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Although our review of prison disciplinary proceedings is limited and deferential, the charged conduct would be actionable under § 1983. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Stewart v. Thigpen,* 730 F.2d 1002 (5th Cir.1984).

Foulds further alleges that his solitary confinement cell was extremely cold and that he was forced to sleep on the floor where rats crawled over him. If proven, such conditions of confinement would contravene the eighth amendment. In *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457 (5th Cir.1983), we held that allegations of a cold, rainy, roach-infested jail cell, with inoperative toilet facilities, stated a cause of action under the eighth and fourteenth amendments. *See generally, Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (conditions of confinement evaluated under contemporary standards of decency).

The district court relied on *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), to require a showing that the deputies acted with malicious and sadistic intent in subjecting Foulds to the above-described conditions. This reliance was in error. *Whitley* involved the shooting of an inmate during a prison riot. In that setting, involving essential prison security, the Supreme Court required a showing of "malicious and sadistic intent" by prison officials to support a claim under the eighth amendment. *Whitley,* 475 U.S. at 320, 106 S.Ct. at 1085, 89 L.Ed.2d at 261. The facts of the instant case markedly differ. There was no imminent danger. We decline the invitation to extend the rule of *Whitley* to cover all prison disciplinary actions, ostensibly under the guise of achieving prison security. We do not see *Whitley* as the harbinger of such, *see* 475 U.S. at 319, 106 S.Ct. at 1084, 89 L.Ed.2d at 260 (recognizing the general "unnecessary and wanton" standard of review).

The treatment of Foulds in the Montgomery County jail did not arise out of a situation posing "significant risks to the rights of inmates and prison staff." *Whitley,* 475 U.S. at 320, 106 S.Ct. at 1085, 89 L.Ed.2d

at 261. Consequently, we apply the now traditional eighth amendment standard: was the infliction of pain "unnecessary and wanton?" *See, e.g., Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084, 89 L.Ed.2d at 260. Broadly construed, Foulds' allegations state a cause of action under this standard. *See generally, Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986).

Finally, we note that Foulds' failure to allege "lasting harm" is not fatal to his § 1983 claim. He did allege pain, suffering, and mental anguish, sufficient to warrant relief. *Green v. McKaskle*, 788 F.2d at 1124.

The dismissal was premature. Dismissal under 28 U.S.C. § 1915(d) could not be made without further factual development consistent with *Spears* and *Green* and their progeny.

REVERSED and REMANDED.

HIGGINBOTHAM, specially concurring:

I agree that measured by our standards for pro se litigants Foulds might adduce evidence that the state denied his right to be free of cruel and unusual punishment. But I caution that the Constitution does not mandate comfortable prisons and the ultimate question will be answered only under the "totality of circumstances."