**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/14/15

*Dorian E. Ramirez*
CLERK

No. 13-14-00705-CV

**RECEIVED**

12/14/15

13th COURT OF APPEALS

**RECEIVED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

NOV 14 2015

DORIAN E. RAMIREZ, CLERK
BY_____

In The

COURT OF APPEALS

of the

STATE OF TEXAS

For the Thirteenth Court of Appeals District

LUIS A. MENDOZA

Plaintiff/Appellant

Vs.

BRAD LIVINGSTON, ET AL

Defendant/Appellee

On appeal in Cause No. B-11-1548-CV in the
36th Judicial District Court of Bee County,
Hon. Starr Boldrick Bauer, Judge Presiding

APPELLANT'S AMENDED BRIEF

ORAL ARGUMENT REQUESTED

**RECEIVED**

DEC 14 2015

13th COURT OF APPEALS

Luis A. Mendoza
TDCJ No. 783576
Darrington Unit
59 Darrington Rd
Rosharon, Texas 77583

Pro se litigant

## APPELLANT'S REQUEST FOR ORAL ARGUMENT

COMES NOW, Luis A.Mendoza, appellant in this cause and respectfully request oral arguments upon call of the case for submission pursuant to the requirement of Tex. R. App. Proc., Rule 39.7.

## NAME OF PARTIES

The appellant certified, pursuant to the requirement of Tex. R. App. Proc., Rule 38.1, parties and their attorneys:

a) Luis A. Mendoza of Brazoria County, appellant, and proceeding pro se;

b) Mr. Ernest H. Gutierrez Jr., Mr. Conrad Peralez, Mr. Ony V. Trevino, Mr. Rick E. Villarreal, Mr. Benjamin Moralez of Bee County, appellee;

c) Mr. Brad Livingston of Walker County, appellee; and

d) Mr. Craig Johnathan Stone, attorney for appellee(s)

# TABLE OF CONTENTS

PAGE

Appellant's Request for Oral Argument...............................................i

Name of Parties.....................................................................i

Index of Authorities...........................................................iii-vi

Address to the Court................................................................1

Statement of the Case...............................................................2

Statement of Issues..............................................................2, 3

Statement of Facts................................................................3-6

Summary of Argument...............................................................6-8

Argument of Authority............................................................9-22

POINT OF ERROR NUMBER ONE

    The trial court erred in not considering plaintiff's genuine material issues

POINT OF ERROR NUMBER TWO

    The trial court erred in denying the plaintiff the right to be heard and present his case therefore denying him his fundamental due process rights and the equal protection of the law

POINT OF ERROR NUMBER THREE

    When the case was ripe for default judgment, the trial court erred in not granting plaintiff his nihil dicit default judgment motion

POINT OF ERROR NUMBER FOUR

    The trial court erred when dismissing this case as "frivolous" and "with prejudice" because it denied the plaintiff's claims that have an arguable basis in law and in facts

Conclusion and Prayer..............................................................22

Certificate of Service.............................................................23

# INDEX OF AUTHORITIES

CASES           PAGE

A.M. Ex Rel. McAllum v. Cash, 585 F.3d 214 (C.A.5 Texas 2009).................14

Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986)....16

Armstrong v. Manzo, 380 U.S. 545, 550, 85 S.Ct. 1187, 1189 (1965).......14, 18

Avilez v. State, 333 S.W.3d 661 (Tex.App.--Austin 2008).....................18

Baker v. McCollan, 443 U.S. at 145, 99 S.Ct. at 2995.......................10

Boddie v. Connecticut, 401 U.S. 371, 377-78, 91 S.Ct. 780, 785-86,
28 L.Ed.2d 113 (1971).................................................17, 18

Brewer v. Simental, 268 S.W.3d (2008).....................................22

Caine v. Hardy, 943 F.2d 1406, 1414-15 (5th Cir. 1991)....................10

City of Dallas v. Jones, 331 S.W.3d 781 (Tex.App.--Dallas 2010)............16

Crawford-El v. Britton, 523 U.S. 574, 588 n.10, 118 S.Ct. 1584 (1998).......13

Elite Door & Trim Inc. v. Tapia, 335 S.W.3d 757; 2012 U.S. Dist.
LEXIS 109036.............................................................20

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292,
50 L.Ed.2d 251 (1976)...................................................19

Fischl v. Armitage, 128 F.3d 56, 57 (2nd Cir. 1997).......................17

Foulds v. Corley, 833 F.2d 52, 55 (5th Cir. 1987).........................15

Gibb v. King, 779 F.2d 1040, 1046 (5th Cir. 1986).........................12

Gomperts v. Wendeborn, 427 S.W.2d 904, 905 (Tex.Civ.App.--Austin 1968)......20

Green v. McAdams, 857 S.W.2d at 819......................................14

Hicks v. Frey, 992 F.2d 1450, 1457 (6th Cir. 1993).......................15

Hudson v. Palmer, 468 U.S. 571, 533-35, 104 S.Ct. (1984)............10, 11, 18

In Re Keeling, 227 S.W.3d (Tex.App.--Waco 2007)..........................10

In Re Placid Oil Co., 468 B.R. 803 (N.D. Texas 2012).....................14

Jackson v. Cain, 864 F.2d 1235, 1247 (5th Cir. 1989).....................15

Jackson v. Tex.Dep't Crim. Justice-Inst.Div., 28 S.W.3d 811,
813 (Tex.App.--Corpus Christi 2000).....................................22

CASES                                                                    PAGE

Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).........19

Jones v. Greninger, 188 F.3d 332, 324-351 (5th Cir. 1999).................12

Jordan v. Jordan, 653 S.W.2d 356, 358 (Tex.App.--San Antonio,
1983, no writ).............................................................18

Kiss v. State, 316 S.W.3d 665 (Tex.App.--Dallas 2009)....................14

Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.App.--Houston [1 Dist.]
1993, writ denied)........................................................22

Mahand v. Delaney, 60 S.W.3d 371.........................................14

Matter of Christopher, 28 F.3d 512, 519 (5th Cir. 1994)..................14

Morris v. Powell, 449 F.3d 682-86 (5th Cir. 2006)........................12

Mt.Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 287,
97 S.Ct. 568, 576 (1977)..................................................12

Murrell v. Bennett, 615 F.2d 306, 309-11 (5th Cir. 1980)..............17, 18

National Fed. of the Blind of Texas Inc. v. Abbott, 647 F.3d 202
(C.A.5 Texas 2011)........................................................14

Nichols v. Martin, 776 S.W.2d 621, 623 (Tex.App.--Tyler 1989)............18

Oliphant Financial, LLC. v. Galavis, 299 S.W.3d 829......................20

O'Quinn v. Tate, 187 S.W.2d 241, 245 (Tex.Civ.App.--Texarkans 1945)......20

Overton v. Bazzetta, 539 U.S. 126, 137, 123 S.Ct. 2162 (2003)............16

Parratt v. Taylor, 451 U.S. 527, 544, 101 S.Ct. 1908 (1980)...........10, 11

Retzlaff v. GoAmerica Communication Corp., 356 S.W.3d 689 (Tex.App.--
El Paso 2011).............................................................13

Robertson v. Hewes, 701 F.2d 418, 420 (5th Cir. 1983)....................18

Sandin v. Connor, 515 U.S. 472 (1995)....................................15

Scher v. Engelke, 943 F.2d 921, 924 (8th Cir. 1881)......................15

Smith v. City of League City, 338 S.W.3d 114 (Tex.App.--Houston
[14 Dist.] 2011)..........................................................18

Spurlock v. Schroedter, 88 S.W.3d 773, 735-36 (Tex.App.--Corpus
Christi 2002, no pet.)....................................................22

Taylor v. Gibson, 529 F.2d 709, 713-14 (5th Cir. 1976)...................19

CASES                                                                    PAGE

Tex.Dep't. of Crim. Justice v. Powell, 318 S.W.3d 889 (Tex. 2010)...........12

Thomas v. Collins, 860 S.W.2d 500, 503 (Tex.App.--Houston [1 Dist.]
1993, writ denied)..........................................................22

Turner v. Safely, 482 U.S. 517, 523, 104 S.Ct. 3194 (1994).................13

Westbrook v. Thaler, 585 F.3d 245, 130 S.Ct 1889, 176 L.Ed.2d 373
(C.A.5 Texas 2009)..........................................................18

Wilson v.Birnberg, 667 F.3d 391 (Texas 2012)...............................16

Wolff v. McDonnell, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974,
41 L.Ed.2d 935 (1974).......................................................19

Zabrowski v. Bureau of Prison, 2014 U.S. App. LEXIS 3726...................12

STATUTES                                                                 PAGE

V.T.C.A Practice and Remedies Code Ann § 14.003............................12

V.T.C.A. Practice and Remedies Code Ann § 14.003(a)(2).....................21

V.T.C.A. Practice and Remedies Code Ann § 14.003(b).......................21

V.T.C.A. Practice and Remedies Code Ann § 14.005...........................2

Tex.R.Civ.Proc., Rule 45...................................................20

Tex.R.Civ.Proc., Rule 47...................................................20

Tex.R.Civ.Proc., Rule 93...................................................19

Tex.R.Civ.Proc., Rule 94...................................................94

Texas Government Code § 501.008(d)(1).......................................2

TEXAS CONSTITUTIONS

Article 1 Section 3........................................................19

Article 1 Section 3a....................................................13, 19

Article 1 Section 13.......................................................19

Article 1 Section 17.......................................................10

Article 1 Section 19...............................................10, 18, 19

UNITED STATES CONSTITUTIONS

PAGE

First Amendment..............................................2, 7, 11, 12, 17

Fourth Amendment.................................................16

Fourteenth Amendment.......................8, 10, 13, 14, 18, 19

Eighth Amendment.................................................15

NO. 13-14-00705-CV

In The

COURT OF APPEALS

of the

STATE OF TEXAS

LUIS A. MENDOZA
Plaintiff/Appellant

Vs.

BRAD LIVINGSTON, ET AL
Defendants/Appellee

On appeal in Cause No. B-11-1548-CV in the
36th Judicial District Court of Bee County,
Hon. Starr Boldrick Bauer, Judge Presiding

## APPELLANT'S AMENDED BRIEF

TO THE HONORABLE THIRTEENTH COURT OF APPEALS OF TEXAS:

COMES NOW, Luis A. Mendoza, appellant herein and Defendants in cause number

CIV B-11-1548-CV in the 36th Judicial District Court of Bee County, Texas,

Hon. Starr Boldrick Bauer, judge presiding, and respectfully submits this

brief for the purpose of appealing from the "final judgment".

The record on appeal consist of the Clerk's Record, Volume 1 of 1, which

will be designated as "CR.", the record page number and line, or paragraph,

number. Lines will be designated as "lns" and paragraph as "¶".

## STATEMENT OF THE CASE

This is a civil rights action under V.T.C.A. Practice and Remedies Code § 14.005, and Texas Government Code § 501.008(d)(1) brought by a state prisoner who alleges he is unlawfully deprived of his property; and he has been denied the right to excercise his First Amendment right to file a grievance without being retaliated against; and the Defendants have infringed upon his liberty rights without due process of law. The trial court ordered this suit to be dismissed as "frivolous" and "with prejudice".

## STATEMENT OF ISSUE(S)

Issues Presented:

1. If Mendoza is deprived of property and not compensated, does this violate the due process of law of the United States Constitution?

Suggested answer; Yes. The Fourteenth Amendment of the United States Constitution protects only against deprivations "without due process of law." Mendoza is afforded the opportunity, whether by "right" or "privilege," to possess personal property, and he enjoys a protected interest in that property that cannot be infringed without due process of law.

2. Is it lawful for a prison guard to retaliate against Mendoza for exercising his constitutional right to use the prison grievance system?

Suggested answer: No. Prison officials may not retaliate against Mendoza for exercising his constitutional rights. The reason why retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right.

3. Does it violate the law to contaminate Mendoza's prison file with false allegations that he is a gang member, and other documents, without ever providing him with any due process protection (like a notice or hearing) before infringing on his liberty rights because of his tainted prison file.

Suggested answer: Yes. Notice is an elementary and fundamental requirement of

2

due process in any proceeding which is to be accorded finality. Failure to comply with the rules of notice deprives Mendoza of his constitutional right to be present at the hearing to voice his objections in an appropriate manner and results in a violation of his fundamental due process rights.

4. Does Mendoza have the right to petition the Government for redress of his grievances?

**Suggested answer:** Yes. Like others, Mendoza has the constitutional right to petition the Government for redress of his grievances, which includes a reasonable right of access to the court.

5. When a defendant appears but has filed no-answer on the merits, is the suit ripe for [nihil dicit] default judgment?

**Suggested answer:** Yes. A judgment nihil dicit is proper when a party makes an appearance but files no-answer on the merits.

6. If Mendoza's claims have a realistic chance of success because the claims have an arguable basis in law and in facts, can the claims be dismissed as "frivolous"?

**Suggested answer:** No, they shouldn't. The trial court's dismissal would be an abuse of discretion because they are arbitrary and unreasonable, showing that the court acted without reference to any guiding rules and principles.

## STATEMENT OF FACTS

The Texas Department of Criminal Justice - Instituional Divison (TDCJ) suspect that the plaintiff is a gang member, so on April 15, 2011, Lieutenant Conrad Perales handcuffed Mendoza and stated to him, "You are not in trouble only under investigation".

Then, Mr.Perales reached over and takes Mendoza's chain and key from around his neck and hands them over to Mr.Ony V.Trevino with the instructions to go and get possession of Mendoza's property. See CR. page 71, ¶ 11 and 12.

3

After being placed in a cell and isolated for about seven (7) days, Mr. Morales, the unit gang intelligent (GI), goes to the plaintiff's cell (April 22, 2011) to question him about being in a gang. Mendoza tells him that he is not a gang member, and the GI had Mendoza sign a waiver stating that he is not in a gang and his life is not in any danger. See

On April 24, 2011, two days after seeing the GI, Mendoza is taken to the unit classification (UCC) to simply be informed, by the Assistant Warden Mr. Calvin W.Davis, that a request for his tranfer would be sent to Huntsville with with a copy of the waiver Mendoza signed on April 22, 2011.

Mr.Davis stated that it will take two to three weeks before the plaintiff would be transfered if the request to transfer is approved, if not, Mendoza will be released back to population. See Cr. page 74, ¶ 38-40.

For tewenty-one (21) days, Mendoza had not received his property nor had he received an inventory sheet of his property being packed, so on May 6, 2011, he filed a Step 1 grievance.

On the same day of filing the grievance, Mendoza receives his property, but it did not come in its entirety--all commissary and a few miscellaneous items were missing. See Cr. page 71, ¶ 13-16; and CR. page 34.

Plaintiff files a Step 1 grievance on May 13, 2011, to bring to the attention of the administration that he had not received all his property. The grivance was rejected then accepted. See Cr. page 72, ¶ 17-21; Cr. page 18-19; and CR. page 20-21.

Prior to being handcuffed for investigating reasons, on April 15, 2011, Mendoza had went to commissary (store) and made a purchase of $81.62. See CR. page 71, ¶ 11; CR. page 72-73, ¶ 25-29.

On June 20, 2011, Mendoza is on the bus and transfered to another unit. Just before reaching his destination, the bus makes a stop at the Darrington Unit to stay the night.

4

When the plaintiff gets off the bus, Ms. Johnson, a TDCJ official, questions him: "Why did you file a Life Endangerment?" Mendoza responed, "I did not file no Life Endangerment." Ms. Johnson then states, "That is not what your paper work says." See CR. page 74, ¶ 41-43.

Life Endangerments are filed when an inmate makes a request for protection because his life is in danger, so the inmate requesting this protection is the one to attest to it by signature and the paper work is placed in his prison file, then he is transfered to another unit and/or placed in protective custody.

When plaintiff reached his destination, the Polunsky Unit, the warden and major questioned Mendoza about the life endangerment and being in a gang. Plai Plaintiff told them that he did not file no life endangerment and that he is not a gang member. CR. page 74-75 ¶ 44-45; and CR. page 30-31, lns 16-24, 30-32.

Mendoza has alleged, in his suit, that the reason for the bogus life endangerment and transfering him is in retaliation for filing the grievance against the Defendants for depriving him of his property.

Take the life endangerment out of plaintiff's prison file and you have no transfer. The bogus life endangerment makes it obvious that Huntsville accepted Mendoza's signed waiver and denied Mr. Davis request to transfer the plaintiff. See CR. page 75, ¶ 46-48; and CR. page 30, lns 21-24.

Mendoza then went to the Security Threat Group Office and spoke to the GI Officials, on the Polunsky Unit, and they too asked him if he was in a gang. Again, Mendoza tells them "no" and request that they look closely at his disciplinary record to see that, at the time, plaintiff had not had a fist fight in over ten (10) years or has he shown to be in a gang or a threat to anyone.

Plaintiff explained that the treatment he has received by the administration

5

and TDCJ officials is discrimination because he is denied certain jobs, privileges and rights that other inmates are able to enjoy and the reason is Mendoza is being falsely accused of being a [suspected] gang member when he is not. See CR. page 75-76, ¶ 49-57; CR. page 34, 140-41 and 144-45.

On August 2, 2011, Mendoza received the property that he left behind at the McConnell Unit, policy only permits an inmate to travel with one bag of property. Mendoza's typewriter arrived broken, after filing grievance he was reimbursed with another [cheaper] typewriter that did not compare to the one the they broke, so the post-deprivation remedy was inadequate. See CR. page 73, ¶ 30-34; and CR. page 33.

Plaintiff also blamed Defendants for further retaliating against him whey they broke his typewriter. See CR. page 75, ¶ 48.

On August 4, 2011, Ms. Linda S. Martin, the unit grievance investigator, presented a list of items to Mendoza that were being offered to compensate him for his lost property, but her demeanor was so unethical that Mendoza was having a hard time communicating with her. He asked her a question and she responded very rudely and abruptly picked the papers up and walked away leaving Mendoza standing there alone. Plaintiff was not compensated.

Mendoza's Step 1 grievance was denied and in his Step 2 grievance he clearly explained Ms. Martin's demeanor and the fact that he was not reimbursted for his lost property but was still rejected a second time. See CR. page 30, lns 1-8, 29-30; and CR. page 72-74, ¶ 22-29, 37.

## SUMMARY OF ARGUMENT

Plaintiff contends that the Defendants, acting under color of state law, deprived him of his property without due process of law. See CR. page 71, ¶ 10; and CR. page 78-79, ¶ 76-79, 83-84.

The constitution requires the Government, if it deprives people of their

6

property, to provide due process of law and to make just compensation for any taking. When adequate remedies are provided and followed, no uncompensated take taking or deprivation of property without due process can result. Only if the there is no such procedure [to compensate] or it is inadequate will you have a due process claim.

Defendants have not compensated Mendoza for the taking of his property with without due process of law, therefore, their actions (or lack of) have not satified the due process clause the Government promised would be available.

Mendoza had exercised his right to use the prison grievance system, as he was deprived of his property, and the Defendents retaliated against him for filing that grievance:

(1) they placed a [bogus] life endangerment in his prison file--a document that Mendoza did not attest to in any way, so you will not find his signature on that document. The motive for the life endangerment being placed in his file was to use as an excuse to transfer him, in hopes, that they would shake him from the grievance;

(2) he was transfered to another unit; and

(3) before sending him his typewriter, the Defendants broke it and when it was time to compensate him with another typewriter, the post-deprivation remedy was inadequate because Mendoza's ribbons and printwheels do not fit the typewriter they gave him, so he lost the money he had invested in the one they broke. See CR. page 77-79, ¶ 60-65, 80-82, 87-89.

When the plaintiff is doing something he has a constitutional right to free freely do, it is called "protected conduct." To file a grievance is an example of this "protected conduct" as part of the First Amendment right. When the Defendants interfer with this "protected conduct" it is called an "adverse action." The Defendants' adverse action is directly related to Mendoza's pro-

7

tected conduct, so there is a "causual connection" because it denies the plain plaintiff the right to freely file a grievance without the fear of being retaliated against.

The reason Mendoza was handcuffed and his propery confiscated and was told "You are not in trouble only under investigation," is that his prison file is contaminated with false allegations that he is a suspected gang member. See CR page 71, ¶ 11-12.

Plaintiff's tainted prison file has caused him harm and suffering because TDCJ officials use his file to exercise discrimination against him and to deny him the equal protection of the law. See CR. page 74-75, ¶ 44-45, 49-57; and CR. page 77-79, ¶ 66-75, 85-86, 90. Mendoza is not permitted certain jobs, priviledges and rights that others, similarly situated, are able to enjoy. Not only has the plaintiff endured this unconstitutional treatment going on two decades, but this treatment is not rationally related to a legitimate government purpose.

The Defendants have not ever provided the plaintiff with any amount of protection, like a notice or hearing, before infringing on his liberty rights without due process of law, therefore, they are in violation of Mendoza's Fourteenth Amendment. Please see in this order: CR. page 145, 144, 140, 141, 138, 139, 142, 143 and 134-136.

The Fourteenth Amendment to the Constitution guarantees everyone "equal protection of the law." Equal Protection means that a prison cannot treat a prisoner differently than it treats others without a valid reason.

The only plausible reason for Mendoza's harm and suffering and emotional distress is that, it all starts with his tainted prison file. See CR. page 74-76, ¶ 44-45, 57, 90 and 91.

8

His prison file needs to be expunged of all false allegations and documents in order to relieve him of this harm and suffering and this needs to be done in good faith and for just cause, or he will continue to suffer. See CR. page 79-80, ¶ 91-94.

## ARGUMENT AND AUTHORITIES

Eventhough, the following claims are argued together, plaintiff repectfully request that this Honorable Court please read Error 1.A., 1.B., and 1.C. as a whole, and then rule upon them separately--individually--as they are Error 1.A., Error 1.B., and Error 1.C.

## ERROR I.

### THE PLAINTIFF'S FACTUAL ALLEGATIONS RAISE A GENUINE MATERIAL ISSUE THEREFORE THE DISTRICT COURT ABUSED IT'S DISCRETION WHEN DISMISSING THIS CASE

**A. Depriving plaintiff of his property without due process of law violates the United States and Texas Constitution**

Plaintiff's amended complaint portrays a deprivation of [his] property without due process of law.

The unit grievance investigator, Ms.Martin, revealed a list of items to the plaintiff that were being offered to compensate him for his lost property, but when Mendoza inquired about a few items on the list, Ms.Martin picked up the list and papers and abruptly walked away. Mendoza was not given a chance to decline or accept the settlement, therefore, no transaction was made and the plaintiff was not compensated for his loss. See CR. page 72, ¶ 22-29; and Reporter's Record, page 20, lns 10-25; page 21, lns 1-18; page 24, lns 24-25; page 25, lns 1-8; page 29, lns 3-25; page 30, lns 1-25; page 31, lns 1-23.

Eventhough, plaintiff mentioned in his Step 2 grievance Ms.Martin's demeanor, when trying to offer him the settlement, and the fact that he was not reimbursed, they did not take advantage of the [second] opportunity to correct the infraction and rejected the plaintiff's Step 2 grievance. See CR. page 30,

9

lns 1-8, 29-30. Mendoza has not been compensated for his taken property. See CR. page 78-79, ¶ 76-79, 83-84.

A deprivation of personal property without due process violates the United States Constitution of the Fourteenth Amendment; the Texas Constitution Art. 1 § 19; and see, In re Keeling, 227 S.W.3d 391 (Tex.App.--Waco 2007).

The Fourteenth Amendment of the United States Constitution protects only against deprivations "without due process of the law." See Baker v. McCollan, 443 U.S.., at 145, 99 S.Ct. at 2995. Mendoza's commissary is "property" within constitutional provisions prohibiting taking and/or lossing of property with-out adequate compensation. Vernon's Ann. Texas Constitution Art. 1 § 17.

In Texas, due process is satified through the available "post-deprivation remedy" such as an administrative grievance procedure and/or in a state court damage lawsuit. Texas has rules providing for hearing that satify the constitution, it does not deny due process for officials to ignore or violate those rules, as long as you are to bring a post-deprivation suit for damages in state court. Caine v. Hardy, 943 F.2d 1406, 1414-15 (5th Cir. 1991)(en banc).

A post-deprivation remedy must be "adequate" to satify due process requirements. A remedy is adequate if it is capable of providing full compensation for ones loss. Parratt v. Taylor, 451 U.S. 527, 544, 101 S.Ct. 1908 (1980). When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result. Hudson v. Palmer, 468 U.S. 571, 533-35, 104 S.Ct., at 3207 (1984).

The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any taking. The due process requirement means that the Government must provide to the inmate the remedies it promised would be available. Parratt v. Taylor, 451 U.S. 527, 537-544, 101 S.Ct. 1908, 1914-17 (1980).

The loss of property through Defendants' negligence and/or "fault" is

10

precisely the theory on which plaintiff sues. When inmates are afforded the opportunity, whether by "right" or "priviledge" to possess personal property, they enjoy a protected interest in that property that cannot be infringed without due process. Id. at 536, 101 S.Ct. at 1913 (1980).

In Parratt, the plaintiff alleged only negligence in his lost property, so the facts surrounding the loss of propery in this case are identical because Mendoza also alleges "negligence" in his lost property.

It is concluded in Parratt that it applies to procedural due process claims grounded in allegations of negligent deprivation of property by state official.

The disputed facts surrounding the deprivation in this case thus become quit material, if the factfinders concludes that Defendants' negligence deprived Mendoza of his property then plaintiff's claim succeeds.

The Honorable Justice O'Connor, in concurring opinion, stated, "...[T]hus when a prisoner's property is wrongfully destroyed [or lost], the courts must ensure that the prisoner, no less than any other person, receives just compensation. The Constitution, as well as human decency, requires no less." Hudson v. Palmer, 104 S.Ct. at 3204 (1984)(emphasis added).

B. Retaliating against plaintiff for exercising his constitutional right violates the United States Constitution

Plaintiff filed suit for the retaliatory acts taken by the Defendants when he exercised his First Amendment right to use the prison grievance system. His claims of retaliation are more than de minimis because they establish a constitution violation. Mendoza's suit alleges factual events showing retaliation from which the Defendants' retaliatory animus could argubly be inferred.

Defendants' adverse retaliatory act are:

(1) [Further] tainting plaintiff's prison file when placing a bogus life endangerment in it to use as an excuse to transfer him;

11

(2) Transfering plaintiff to another unit; and

(3) Breaking plaintiff's typewriter and offering him an inadequate post-deprivation remedy to compensate him. See CR. page 73-75, ¶ 30-34, 38-48, 60-65, 80-82, 87-88.

When an inmate is doing something that he has a constitutional right to freely do, it is called "protected conduct." To file a grievance is an example of this "protected conduct" as part of the First Amendment right. When the defendants interfer with this "protected conduct" it is called an "adverse action."

The Defendants' adverse action is directly related to Mendoza's protected conduct, so there is a "casual connection" because it denies the plaintiff the right to freely file a grievance without being impeded, frustrated and/or fearing retaliation.

Prison officials may not retaliate against a prisoner for exercising his constitutional rights. Gibb v. King, 779 F.2d 1040, 1046 (5th Cir. 1986); and Zabrowski v. Bureau of Prison, 2014 U.S. App. LEXIS 3726. Those constitutional rights include Mendoza's First Amendment right to file a grievance. Id., see also, Morris v. Powell, 449 F.3d 682-686 (5th Cir. 2006).

Mendoza has established a prima facie case when proving (a) Defendants were acting under color of state law; (b) the speech activity was protected under the First Amendment; and (c) the exercise of protected right was substantial and a motivating factor in Defendants' actions. See Mt.Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 576 (1977).

Plaintiff has also established (1) a specific constitutional right; (2) the Defendants' intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4) causation. Morris v. Powell, 449 F.3d at 684 (5th Cir. 2006); Jones v. Greninger, 188 F.3d 322, 324-325 (5th Cir. 1999); and Tex. Dep't of Crim. Justice v. Powell, 318 S.W.3d 889 (Tex.2010).

12

The above is all that the plaintiff needs to establish in order to prevail on his claim of retaliation for exercising his First Amendment right.

". . .[t]he reason why. . .retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right." Crawford-El v. Britton, 523, U.S. 574, 588 n.10, 118 S.Ct. 1584 (1998).

Mendoza does not lose all his constitutional rights once he is pass beyond prison walls, but he retains only those First Amendment rights which are not inconsistent with his status as a prisoner or with a legitimate penological objective of the prison system. Turner v. Safely, 482 U.S. 517, 523, 104 S.Ct. 3194 (1984).

## C. Discriminating against the plaintiff when denying him the equal protection of the law and not [ever] providing him with any due process protection vio violates the United States and Texas Constitution

Plaintiff's suit alleges that the Defendants have denied him certain privileges, jobs and rights that others, similarly situated, are able to enjoy; and this treatment is not rationally related to a legitimate government purpose. See CR. page 71, 74-79, ¶ 11, 38, 44, 49-56, 66-71, 85-86.

The Defendants have tainted Mendoza's prison file with false allegations that he is a suspected gang member, and have infringed upon his liberty rights without providing him a notice or hearing to enable him the right to defend himself against the [false] allegations; they are in violation of the plaintiff's fundamental due process rights, the equal protection clause and discrimination of the United States Fourteenth Amendment; and Vernon's Ann. Texas Constitution Art. 1 § 3a. Please see, in this order, CR. page 145, 144, 140, 141, 138, 139, 142, 143 and 134-136.

Due Process/Notice-

When notice is a person's due, process which is a mere gesture is not due process. Retzlaff v. GoAmerica Communications Corp., 356 S.W.3d 689 (Tex.App.-

13

-El Paso 2011).

Due process requires only "notice" that is both adequate to appraise the plaintiff of the pendancy of an action affecting his rights and timely enough to allow him to present his objections. Matter of Christopher, 28 F.3d 512, 519 (5th Cir. 1994).

Notice is an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality. In re Placid Oil Co., 468 B.R. 803(N.D. Texas 2012). Failure to comply with the rules of notice deprives the plaintiff of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of his fundamental due process rights. Mahand v. Delaney, 60 S.W.3d 371; and Green v. McAdams, 857 S.W.2d at 819 (quoting from Armstrong v. Manzo, 380 U.S. 545, 550, 85 S.Ct. 1187, 1189 (1965)).

## Equal Protection/Discrimination

The Fourteenth Amendment to the Constitution guarantees everyone "equal protection of the law." Equal Protection means that a prison cannot treat a prisoner differently than it treats others without a legitimate reason.

A violation of equal protection occurs (1) when the Defendants' treatment of the plaintiff is different than the other prisoners that are similarly situated. National Fed. of the Blind of Texas, Inc., v. Abbott, 647 F.3d 202 (C.-A.5 Texas 2011); (2) plaintiff's rights to the equal protection are violated because the Defendants' treatment is not rationally related to a legitimate government purpose. A.M. ex rel. McAllum v. Cash, 585 F.3d 214 (C.A.5 Texas 2009); and (3) when the Defendants impair Mendoza from exercising a fundamental right. Kiss v. State, 316 S.W.3d 665 (Tex.App.--Dallas 2009).

Denying Mendoza his entitled procedural due process rights in the tainting of his prison file [with false accusations of being a suspected gang member]

14

is the only plausible reason for plaintiff being discriminated against and denied the equal protection of the law--the tainted file has both a discriminatory effect and intent.

**For example:** Just recently Mendoza's tainted prison file has caused him more harm because it has now interfered with his religious rights, education and benefits that others similarly situated are able to enjoy. Eventhough, Mendoza has all the requirements to enter Bible College and obtain his bachelor degree in biblical studies, his tainted prison file is the only reason he was taken out of the class and not permitted to take the class. See Appellant's Affidavit to the Court with Exhibits, file-stamped on June 26, 2015.

This treatment raises an "atypical and significant hardship" on the plaintiff in relation to the ordinary incidents of prison life. "Atypical" means that you are being treated very differently that the way most prisoners are being treated [without a legitimate reason]. "Significant hardship" means that the treatment must be really awful, not just uncomfortable or annoying. See Sandin v. Connor, 515 U.S. 472 (1995).

The Eighth Amendment, which forbids "cruel and unusual punishment," governs the treatment of the plaintiff, and the conduct of the Defendants' are in violation of the Eighth Amendment even if it does not inflict physical injury. Hicks v. Frey, 992 F.2d 1450, 1457 (6th Cir. 1993)(Extreme conduct by custodians that cause severe emotional distress is sufficient.); Scher v. Engelke, 943 F.2d 921, 924 (8th Cir. 1981). And it does not have to cause lasting or permanent harm to violate the plaintiff's Eighth Amendment right. Jackson v. Cain, 864 F.2d 1235, 1247 (5th Cir. 1989); and Foulds v. Corley, 833 F.2d 52, 55 (5th Cir. 1987).

The length of time, almost two decades, that Mendoza has been subjected to this unconstitutional treatment plays an important part in determining whether

it is cruel and unusual. Overton v. Bazzetta, 539 U.S. 126, 137, 123 S.Ct.
2162 (2003).

Plaintiff has established that (1) the Defendants are, knowingly and inten-
tionally, treating him differently than the other inmates that are similarly
situated; and (2) there is no rational basis for the difference in treatment.
Wilson v. Birnberg, 667 F.3d 391 (Texas 2012); and City of Dallas v. Jones,
331 S.W.3d 781 (Tex.App.--Dallas 2010).

In the Fourth Amendment it states: "The right of the people to be secure in
their persons, houses, papers (records) and effects...." Mendoza is not secure
in his prison records, and how can he be when it is polluted with false infor-
mation that causes him harm and suffering--unconstitutional treatment--a bogus
life endangerment and allegations of being a suspected gang member when he is
not in any gang. This prison file triggers TDCJ officials to discriminate
against the plaintiff and deny him the equal protection of the law. The De-
fendants are also in violate of plaintiff's Fourth Amendment of the United
States Constitution. See CR. page 77, ¶ 63-64.

This claim, or argument, is unique because in all of plaintiff's research
he was not able to find a case similar to this issue. Maybe, it was that he is
limited to legal material and case law so he is at a disadvantage. Even so,
this tainted file and its discriminatory effect and intent cannot be swept
under the rug as if it does not exist, or as if it is not the cause of plain-
tiff's unconstitutional treatment by TDCJ officials/Defendants.

Genuine Material Issue(s)

A "material" fact is one that "might affect the outcome of the suit under
the governing law." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.
Ct. 2505 (1986).

The facts alleged by the plaintiff are evident that (1) the Defendants de-

16

prived him of his property without due process of law; (2) they have violated his First Amendment right when retaliating against him for using the prison grievance system; and (3) they are [currently] depriving him of his liberty rights without due process of law—these violations are genuine material issues. The facts are established by a preponderance of the evidence, it would surely be permissible for a jury to infer that plaintiff has been harmed of his rights. Fischl v. Armitage, 128 F.3d 56, 57 (2nd Cir. 1997).

Mendoza alleges facts that are material and his complaint, with the exhibits, provide ammunition for cross-examination that will lead a jury to reject the testimony of the Defendants' and support a jury verdict in his favor. See CR. page 70-81; and CR. page 12-28, 30-34 and 134-145.

The Defendants have not rebutted plaintiff's factual allegations nor have they made any material factual assertions to these genuine material issues.

The plaintiff's [pro se] suit should have not been dismissed prematurely truncated of a potentially legitimate lawsuit merely because of unskilled presentation. Murrell v. Bennett, 615 F.2d 306, 309-311 (5th Cir. 1980).

## · ERROR II

### THE DISTRICT COURT ABUSED IT'S DISCRETION WHEN DISMISSING THIS CASE WITHOUT PERMITTING THE PLAINTIFF THE RIGHT TO BE HEARD AND TO PRESENT HIS CASE

Plaintiff filed his complaint and offered exhibits to establish the merits. by a preponderance of the evidence. The trial court did not take into consideration the evidence and simply dismissed the case.

Mendoza is forced to settle disputes through the judicial process and has a fundamental right under the federal constitutions to be heard at a meaningful time in a meaningful manner. Boddie v. Connecticut, 401 U.S. 371, 377-78, 91 S.Ct. 780, 785-86, 28 L.Ed.2d 113 (1971).

The plaintiff, who has taken the role of a pro se litigant must proceed diligently, it is inconceivable how one so situated could enjoy his fundamen-

17

tal due process right under Boddie (id) without being allowed to present his case.

If an individual is deprived of a propery right, the government must afford an appropriate and meaningful opportunity to be heard consistent with the requirements of procedural due process. Vernon's Ann. Texas Constitution Art. 1 § 19.--Smith v. City of League City, 338 S.W.3d 114 (Tex.App.--Houston [14 Dist.] 2011).

The right to be heard includes the opportunity to introduce evidence, to cross-examine witnesses, to be heard on questions of law and to have judgment rendered only after trial. Jordan v. Jordan, 653 S.W.2d 356, 358 (Tex.App.--San Antonio 1983, no writ).

The due process clause requires that deprivation of property and liberty by adjudication be proceeded by an opportunity for hearing appropriate to nature of case. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (U.S. Texas 1965).

One basic requirement of the Due Process Clause of the Fourteenth Amendment is a fair trial in a fair tribunal. Westbrook v. Thaler, 585 F.3d 245, 130 S. Ct. 1889, 176 L.Ed.2d 373 (C.A.5 Texas 2009); and Avilez v. State, 333 S.W.3d 661 (Tex.App.--Austin 2008).

The procedures in this case are complicated by the fact that Mendoza is incarcerated and proceeding pro se. Nevertheless, a litigant cannot be denied access to the courts simply because he is an inmate. Hudson v. Palmer, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Robertson v. Hewes, 701 F.2d 418, 420 (5th Cir. 1983); and Nichols v. Martin, 776 S.W.2d 621, 623 (Tex.App.--Tyler 1989). Or because of unskilled presentation. Murrell v. Bennett, 615 F.2d 306, 309-11 (5th Cir. 1980).

Mendoza's pro se complaint must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that he could prove no set of

18

facts under which he would be entitled to relief. Taylor v. Gibson, 529 f.2d 709, 713-14 (5th Cir. 1976); also see, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

Refusal to permit the plaintiff to present his case has denied him due process and the equal protection of the law. Fourteenth Amendment of the United States Constitution; and Texas Constitution Art. 1 §§ 3, 3a, 13 and 19.

The Supreme Court has repeadedly held that prisoners are not beyond the reach of the Constitution. No "iron curtain" separates one from the other. Wolff v. McDonnell, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974).

Like others, Mendoza has the constitutional right to petition the Government for redress of his grievances, which includes a reasonable right of access to the courts. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

## ERROR III

### THIS SUIT IS RIPE FOR DEFAULT JUDGMENT, YET, THE DISTRICT COURT ABUSED ITS DISCRETION WHEN DENYING PLAINTIFF'S NIHIL DICIT DEFAULT JUDG-MENT & INTERFERED WITH A DISPOSITION OF CASE

After sending the Defendants a copy of the Amended Complaint on, or about, the 25th day of July, 2012, the plaintiff patiently waited for them to raise their objections or plead an affirmative defense pursuant to the Texas Rules of Civil Procedure, Rule 93 & 94, since, the amended complaint is what we would eventually go to trial on, but the Defendants failed to make a plea or otherwise defend themselves in any way.

On two hundred and twenty-eight (228) days of mailing that complaint to the Defendants, the plaintiff filed his "nihil dicit" default judgment. See CR. page 109-114.

Defendants did not contest, or defend, against the default judgment, in-

19

stead, they filed a motion requesting to review a hearing that was held, electronically, on March 20, 2012, and simply stated, "...[a]nd thus without requesting a setting a disposition will not likely occur...." See CR. page 117-120.

On April 23, 2013, the Honorable Judge Starr Boldrick Bauer denied plaintiff's default judgment and did not intertain Defendants' motion requesting setting. See CR. page 122.

Mendoza strongly feels that the Honorable Judge, Mr.Bauer, interfered with a final settlement or determination of the case when denying plaintiff's dedault judgment and ignoring Defendants' request setting.

This case could have been settled, instead, the Honorable Mr.Bauer has ruled largely in favor of the Defendants, eventhough, they have not filed an answer nor have they placed any merits on the plaintiff's complaint, and have not requested for the case to be dismissed.

A judgment "nihil dicit" is proper when a party appears but has filed no-answer on the merits. O'Quinn v. Tate, 187 S.W.2d 241, 245 (Tex.Civ.App.--Texarkana 1945). It is stronger than a no-answer default in that a judgment nihil dicit acts as a confession of judgment. Gomperts v. Wendeborn, 427 S.W.2d 904, 905 (Tex.Civ.App.--Austin 1968).

Also, judgment is properly granted when (1) plaintiff files a petition that states a cause of actin; (2) the petition invokes the trial court's jurisdiction; (3) the petition gives fair notice to the Defendants of the claims asserted; and (4) the petition does not disclose and invalidity of the claim on its face. Elite Door and Trim, Inc. v. Tapia, 335 S.W.3d 757; 2012 U.S. Dist LEXIS 109036; Vernon's Ann. Tex.R.Civ.Proc., Rule 45 and 47--Oliphant Financial, LLC. v. Galaviz, 299 S.W.3d 829.

Plaintiff asserted that the Defendants have failed (1) to make an attempt

20

to litigate this case, it was two hundred and twenty-eight (228) days that had elapsed since plaintiff had mailed the Amended Complaint to the Defendants' attorney; (2) they did not make an attempt to plead or otherwise defend this suit; (3) nor have they placed merits on the plaintiff's issues; and (4) have not offered any reasonable excuse for this inactivity. These facts are not in dispute and demonstrate the Defendants' failure to comply with the rules of pleading as are required in any other kind of suit.

Plaintiff's [nihil dicit] default judgment should have been granted and Defendants' motion requesting setting should have been intertained.

## ERROR IV

### THE TRIAL COURT'S DISMISSAL FOR FRIVOLOUSNESS IS AN ABUSE OF DISCRETION

Section 14.003 allows a trial court to dismiss a suit filed by an indigent inmate, either before or after service of process, if the court finds that the claim(s) are frivolous or malicious. Tex.Civ.Prac.& Rem. Code Ann. § 14.003(a) (2).

In this particular case, we are looking at "frivolous" as the reason for dismissal. See CR. page 149. To determine whether Mendoza's claims are "frivolous" the trial court considers whether (1) the claims' realistic chance of ultimate success is slight; (2) the claims have no arguable basis in law or in facts in support of the claims; and (4) the claims are substantially similar to a previous claim filed by the plaintiff because the claims arise from the same operative facts. Id. § 14.003(b).

Plaintiff has proven by a preponderance of the evidence (1) facts in support of his claims; (2) his claims have an arguable basis in law and in facts; (3) his claims' realistic chance of ultimate success is great; and (4) if the claims are similar to a previous claim--does not matter because Mendoza has not filed suit, or any claims, prior to this suit.

21

The trial court's dismissal is an abuse of discretion because they are arbitrary and unreasonable in light of all the circumstances, and without reference to any guiding rules and principles. Spurlock v. Schroedter, 88 S.W.3d 733, 735-36 (Tex.App.--Corpus Christi 2002 no pet.); and Brewer v. Simental, 268 S.W.3d (2008).

The issue before this Court is whether the trial court properly determined there was no arguable basis in law, and facts, for plaintiff's suit to continue further proceedings. Spurlock v. Schroedter, 88 S.W.3d at 736 (citing Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.App.--Houston [Dist.] 1998, no pet.)).

Reviewing and evaluating Mendoza's pro se pleadings are by standard less stringent than those applied to formal pleadings drafted by lawyers. Spurlock, 88 S.W.3d at 736 (citing Thomas v. Collins, 860 S.W.2d 500, 503 (Tex.App.--Houston [1st Dist.] 1993, writ denied)). Also, in reviewing the dismissal of Mendoza's suit, the allegations in his petition are to be taken as true. Jackson v. Tex.Dep't.Crim. Justice -Inst.Div., 28 S.W.3d 811, 813 (Tex.App.--Corpus Christi 2000); and Brewer v. Semental, 268 S.W.3d 763 (2008).

## CONCLUSION AND PRAYER

For the foregoing reasons, plaintiff respectfully request this Court to reverse the trial courts "final judgment" and remand this case for further proceeding....


Executed on the 11th day of December, 2015.

By: _Luis A. Mendoza #783576_
Luis A.Mendoza/Plaintiff/Appellant
TDC Number: 783576
Darrington Unit
59 Darrington Rd
Rosharon, Texas 77583
Pro se litigant

22

## CERTIFICATE OF SERVICE

I, Luis A.Mendoza, TDC No. 783576, do hereby certify that a true and correct copy of the foregoing, **Appellant's Amended Brief**, has been served by placing same in the Darrington Unit mailbox, on this 14th day of December, 2015, and addressed to:

Assistant Attorney General's Office
Post Office Box 12548
Austin, Texas 78711

Thank you for your time and patience in this [very] important matter.

God bless you and family!!!

Respectfull submitted,

*Luis A.Mendoza #783576*

Luis A.Mendoza/Plaintiff
TDC No. 783576
Darrington Unit
59 Darrington Rd
Rosharon, Texas 77583

Pro se litigant

CC: LAM/File
Attorney General's Office

23

Luis A. Mendoza
TDC No. 783576
Darrington Unit
59 Darrington Rd
Rosharon, Texas 77583

Dec. 10, 2015

Hon. Dorian E. Ramirez
Nueces County District Clerk
901 Leopard St., 10th Floor
Corpus Christi, Texas 78401

RECEIVED
DEC 14 2015
13th COURT OF APPEALS

RE: Case No.: 13-14-00705-CV
    Tr. Ct. No.: B-11-1548-CV
    Style: Luis A. Mendoza v. Brad Livingston et al

Dear Friend,

    Enclosed please find "Appellant's Amended
Brief" in the above styled and numbered cause.
Please file this among the papers in this cause and
bring to the attention of the Court. Also, please
date-stamp the copy of this letter and return copy to
the appellant in the ~~enclosed~~ enclose SASE.
            Thank you & God bless

                                    Sincerely
CC: LAM/File                        Luis A. Mendoza
                                    Luis A. Mendoza
                                    Appellant/Pro se litigant